RAY COUNTY Plaintiff in Error, *vs.* ADAM BARR, Defendant in Error.

1. *County Court—Settlement of accounts of delinquent clerk—Notice, etc.*—The County Court cannot proceed under the statute (Wagn. Stat., 412, §§ 19, 20, *et seq.*) to settle the accounts of a delinquent clerk, after expiration of his term of office, in a summary manner without notice; the statute applies only to persons in office.

2. *Notice of proceedings where law is silent.*—Where the law is silent as respects notice to a person whose interests are affected by a proceeding in court, notice is always implied, and he must be brought into court in some appropriate way before he will be bound.

*Error to Ray County Common Pleas.*

*James L. Farris & J. W. and J. E. Black,* for Plaintiff in Error.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally instituted in the Ray County Court against the defendant who was formerly the clerk of the Circuit Court for that county.

The object of the proceeding was to recover from the defendant certain fines, forfeitures and costs which it was alleged he collected while he was in office and did not account for.

Without any notice to the defendant, the County Court proceeded to adjust the amount and rendered judgment for the same.

The defendant appeared at a subsequent term and moved to set aside the judgment, and dismiss the proceedings for various reasons; but the court overruled his motion, and he appealed to the Circuit Court.

The case was then transferred to the Court of Common Pleas for trial; and upon the hearing, a part of the defendant's answer was regarded by all parties as a demurrer, and the same was sustained. From that decision plaintiff appealed.

The substance of the demurrer was: 1st—that the County Court had no jurisdiction of the cause; 2nd—that the defendant was not clerk of the Circuit Court for the county at

Ray Co. v. Barr.

the time of instituting the proceedings; and 3rd—that the defendant had no notice of the proceedings prior to the adjustment made by the County Court.

This proceeding was had under the statute (1 Wagn. Stat., 412, §§ 19, 20, *et seq.*), in reference to county treasurers.

The 19th section provides, that all collectors, sheriffs, marshals, clerks, constables, and other persons, chargeable with money belonging to any county, shall render their accounts to, and settle with, the County Court at each stated term thereof, paying to the county treasury any balance which may be due the county, take duplicate receipts therefor, and deposit one of the same with the clerk of the County Court, within five days thereafter.

The 20th section declares, that if any person thus·chargeable, shall neglect or refuse to render true accounts, or settle as aforesaid, the court shall adjust the account of such delinquent, according to the best information they can obtain, and ascertain the balance due the county. The subsequent sections relate to the power of the court to impose penalties on the defaulting officer.

The main question is, whether the court can proceed in this summary manner against a person after he has gone out of office, and ceased to act in any official capacity. The language is, that all collectors, clerks, etc., shall render their accounts and settle with the County Court at stated periods. This would seem to mean that they must render their accounts and make their settlements whilst they are in office. They are then amenable to the jurisdiction of the court. No provision is made for giving any notice to the officer to whom the delinquency is imputed. The law may have presumed that whilst he was in office, and doing business at the court house, where the courts were held, he would be sufficiently cognizant of all the proceedings affecting him. But no such presumption could be·indulged in, in the case of a person who was out of office.

Where the law is silent as respects notice to a person whose interest is affected by a proceeding in court, notice

will always be implied; and he must be brought in, in some appropriate way, before he will be bound. To give this statute any other construction might produce great injuries to parties. A person, after he has gone out of office, may have removed from the county and even from the State; and in his absence and without his knowledge, the court, upon *ex parte* evidence, might find a large amount against him, when he had the means in his possession of showing that he owed nothing. But if he was not in court so as to make his defense, final judgment would go against him, and he would be remediless.

The plain and natural reading of the statute applies only to persons in office, and as it provides for a proceeding entirely summary and *ex parte*, its construction will not be enlarged and extended.

My conclusion is, that after a person has ceased to be an officer, he is not liable to be proceeded against in this summary manner; but that process must be served upon him before the court can acquire any jurisdiction.

The judgment should therefore be affirmed. The other judges concur, except Judge Sherwood, who is absent.