STATE OF MISSOURI, to the use of JOHN F. FALLON, Appellant, v. HENRY F. HARRINGTON et al., Respondents.

St. Louis Court of Appeals, December 17, 1889.

1. St. Louis Sheriff and Marshal Act: CLAIMANTS' RIGHT TO OBJECT TO BOND TAKEN. If a sheriff levy an execution on property of a stranger to the writ, and, upon claim being made by the owner, takes indemnity bond under the act of 1855 known as the St. Louis sheriff and marshal act, but does not return the writ and bond until after the return day named in the former, the period to which the claimants' right to object to the bond is limited by said act, to-wit, "the first six days after the return day of such execution," begins to run from the date of the actual return, and not from the return day named in the writ.

2. ———: NOTICE OF OBJECTIONS. A party will not be bound by judicial proceedings of which he has no notice; and, though said act does not provide for notice to any one of the objections made to the sufficiency of the bond taken, an order, sustaining such objections, if made without any such notice either to the sheriff or the plaintiff in the writ levied, will not be effective.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Rowe & Morris*, for the appellant.

*E. T. Farish*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court. This is an action against the sheriff of St. Louis, and the sureties on his official bond, for illegally seizing

and selling a certain rockaway, the property of the plaintiff, upon an execution against a third person, and for illegally seizing and injuring, in the same manner, one beach wagon, the property of the plaintiff. The sheriff answered, stating that, after he made the levy, the property was claimed by the plaintiff herein, and that he thereupon took from the plaintiff in the execution an indemnification bond, with two good and sufficient securities, which he, the sheriff, accepted and approved, and returned with the execution, whereby the plaintiff herein became barred of any claim against him, the sheriff.

Upon the trial of the cause by the court, without a jury, the following facts appeared : The execution in question was issued October 27, 1885, returnable on the first Monday of December following. On the sixth of November, the levy referred to was made by the sheriff, and, on the sixteenth of the same month, the sheriff took an indemnification bond from the plaintiffs in the execution with W. T. Haydock and Samuel M. Tutt as securities; thereafter he sold the rockaway on December 13, but did not return the execution and bond until April 8, 1886. The plaintiffs thereafter, within a few days (the exact date not appearing), filed their motion for a new indemnification bond in the circuit court, without giving the sheriff or the plaintiffs in the execution notice of such motion, and on April 16, 1886, the court sustained the motion, and ordered the plaintiffs in the execution to give a new indemnity bond within ten days. Thereafter, the exact date not appearing, the plaintiffs in the execution ineffectually moved the court to vacate such order, among others, on the ground that they had no notice of the claimants' motion. No new bond was ever given. It further appeared in evidence that Haydock, one of the securities on the indemnification bond, was perfectly solvent, when the bond was taken,

being at said date, and ever since, worth one hundred thousand dollars and more. Upon this evidence the court rendered judgment in favor of the defendants, declaring the law to be that the return day of the execution was the first Monday in December, 1885, and that the plaintiffs herein had six days thereafter to move for a new indemnity bond, and, having failed to do so, could not acquire a right of action against the sheriff even though the bond was adjudged insufficient, and that the judgment of the court, without notice to the sheriff, was not binding on the latter.

The plaintiff, appealing, assigns for error, that the judgment of the court, under the conceded facts, was erroneous.

The controversy, it will be seen, arises under the act of 1855, known as the St. Louis sheriff and marshal act. The provisions of said act, which bear upon the present inquiry, are as follows: "Section 1. When any sheriff, marshal, constable or other duly authorized officers shall levy any execution or attachment on any personal property, and any person, other than the defendant in such action or attachment, shall claim such property or any interest therein, such officer may demand of the plaintiff, or his agent, in such execution or attachment, a sufficient indemnification bond, with at least two good and sufficient securities, to be approved of by such officer, and may refuse to execute such execution or attachment until such indemnification bond be given.

"Section 2. Such bond shall be made payable to the state of Missouri, conditioned that such plaintiff will pay to such claimant all damages that he, the said claimant, may sustain in consequence of such levy, and in consequence of such any sale which may be made under or by virtue of such execution or attachment; and the officer taking such bond shall return the same with such execution or attachment."

"Section 5. When said sheriff, or other officer aforesaid, shall take an indemnification bond as aforesaid, with good and sufficient security, he shall not be liable to such claimant for any damage or injury sustained by such claimant in consequence of such levy or sale under or by virtue of such execution or attachment.

"Section 6. If the security in such indemnification bond shall be adjudged insufficient, such sheriff or other officer aforesaid, and his securities, shall be liable to all parties injured in the same manner and to the extent as if no such indemnification bond had ever been given, unless an additional indemnification bond be given and approved of by the court or judge thereof, as hereinafter provided.

"Section 7. No objections to the security in any such indemnification bond shall be allowed if the same be not made by or for the party interested therein, in writing, within the first six days after the return day of such execution or attachment, unless the time for making such objections be extended for good cause by the court, and all of said objections shall be made in the court to which such writ is returnable, and not elsewhere.

"Section 8. If such objections be overruled by the court, such indemnification bond, and the security therein, shall be deemed good and sufficient, so far as the liability of such sheriff or other officer aforesaid is concerned; but if such security shall be adjudged insufficient, the court may, on motion of said claimant or sheriff, or other officer aforesaid, order an additional indemnification bond to be given and filed in the suit within a certain time fixed by the court, and if such additional bond shall be given and the security therein be approved of by such court, or the judge thereof, then such sheriff or other officer aforesaid shall be entitled to the protection of this act, the same as if he had taken good and sufficient indemnification bond.

"Section 9. If such indemnification bond shall not be given within the time fixed by the court, then, and in that case, the officer levying or selling shall not be protected under this act, but the court may, in its discretion, order the said sheriff, or other officer aforesaid, not to pay over to the plaintiff any money made, acquired, received or obtained under or by virtue of any such levy or sale, until such additional bond be given and approved by such court or judge."

A careful analysis of the provisions of this act, in connection with other acts, will show that the court was clearly wrong in holding that the return day of the execution was the return day mentioned therein, and not the day of its actual return. Section 2 of the act contemplates the return of the bond with the execution or attachment, and, until these papers are in court, the claimant is not required to move. The claimant was no party to the record, and had no power to control the officer's actions in regard to the execution; and how the officer could have returned an execution on the first Monday in December, upon which he made a sale on the twelfth of that month is not apparent. While the execution was in the hands of the sheriff, he could make or alter his return thereon without leave of court (*Welsh v. Joy*, 13 Pick. 477); and the claimant could take no action touching a return, without knowing what that return was to be.

The act is in derogation of the common-law rights of the citizen, and was passed for the purpose of protecting the officer from the rigorous liability to which he was subjected for trespasses committed in the attempted exercise of his official duties. The provisions of that act must be construed strictly against the officer. If the bond is good and sufficient, and such as the law requires, when he takes it, he is protected, unless the court in a proceeding under the statute adjudges the bond insufficient. This the court may

well do even where the officer has performed his full
duty, since the securities in the bond, though solvent
when the bond was taken, may become insolvent before
the execution is returned. In the latter event the
sheriff is not protected, if the claimant makes a timely
motion under the statute, unless a new indemnity bond
is given within the time ordered by the court. If such
new indemnity bond is given and approved by the
court, the sheriff becomes again entitled to the benefit of
the act.

On the other hand, it seems evident that, before
any adjudication by the court under the provisions of
sections 7 and 8 of the act can have any conclusive
effect either on the officer or claimant, it must be an
adjudication had upon notice to the party sought to be
affected. As was well said by Judge BLISS, in the
analogous case of *Stewart v. Thomas, Adm'r*, 45 Mo.
44: "It would be contrary to the first principles of
justice to hold a person conclusively bound by a judg-
ment, who was not a party to the proceeding and who
had no opportunity to appear and defend." Here, as
far as the record shows, the proceeding was entirely *ex
parte*, neither the plaintiffs in the execution, nor the
sheriff, having received notice thereof.

The plaintiff contends that the act itself provides
for no notice to any one, and that, therefore, no notice
was necessary. The statute does not require, in express
terms, notice to the party sought to be affected, but, as
was said in *George v. Middough*, 62 Mo. 551, "It is a
cardinal principle, that whenever a party's rights are to
be affected by a summary proceeding, or motion in
court, that party should be notified, in order that he
may appear for his own protection." Or, as was said
in *Ray County v. Barr*, 57 Mo. 290, "Where the law
is silent as respects notice to a person whose interest is
affected by a proceeding in court, notice will always be
implied, and he must be brought in, in some appropri-
ate way, before he will be bound."

It is true, as argued, that the sheriff is an officer of the court, and, as such, presumed to be cognizant of the orders of the court affecting him, but that rule applies only to cases where the order is one directing him to do or not to do a certain thing, and not to those where third parties, who also had no notice of the proceeding, are directed to do it. Whether the order or judgment would have been at least *prima facie* evidence against the sheriff, in case the plaintiffs in the execution had been properly notified, we need not discuss, since it stands admitted that the order was made *ex parte* without notice to any one.

It will thus be seen that, while we base our conclusions on different premises than those of the trial court, the result is necessarily the same, and that the judgment in favor of defendants on the conceded facts is a correct conclusion of law. The judgment is affirmed. All the judges concur.