ROBERTS v. ST. LOUIS MERCHANTS' LAND IMPROVEMENT COMPANY, *Appellant.*

Division One, February 5, 1895,

· **1. Practice:** ORDER OF PUBLICATION: PRESUMPTION. Proper publication of notice of publication in a suit will be presumed, in a collateral proceeding, where the court finds, in the former suit, that defendants "were duly notified and solemnly called," and such finding is not contradicted by any other part of the record.

Roberts v. St. Louis Merchants' Land Improvement Co.

2. ———: PROCEEDINGS SUBSEQUENT TO JUDGMENT: NOTICE. A party, over whom the court has obtained jurisdiction, must take notice of all proceedings until final judgment is rendered, but, after final judgment he is not regarded as being in court, and should have notice of any subsequent matters which affect his rights.

3. ———: ———: ———: PARTITION: COSTS. A statute which authorizes a further judgment in favor of plaintiffs in a partition suit against defendants for costs paid by them, necessarily implies that notice thereof should be given, and a judgment without such notice, and a sale of land thereunder, will pass no title.

4. Ejectment: COTENANTS: RENTS AND PROFITS. Where, in ejectment by a cotenant, the defendant denies plaintiff's right of possession, the latter, on judgment in his favor for a part of the land, is entitled to recover also the rents and profits which accrued from such part during the unlawful possession.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*John H. Overall* and *Lubke & Muench* for appellant.

(1) The court, by its decree in the partition case, found that defendants were all "duly notified" in accordance with its previous order of publication. This recital is not disputable collaterally. So held in the following cases: *Latrielle v. Dorlegne,* 35 Mo. 233; *Lenox v. Clark,* 52 Mo. 116; *Freeman v. Thompson,* 53 Mo. 183; *Rumfeldt v O'Brien,* 57 Mo. 569; *Brawley v. Ranney,* 67 Mo. 280. (2) The partition statute then in force authorized proceedings against unknown owners and provided for their being notified by publication. G. S. 1865, page 612, secs. 5, 7; see, also, sec. 16, page 655, G. S. 1865. (3) Here the plaintiff adopts the partition decree in part, and is, therefore, claiming subsequent to it. *Forder v. Davis,* 38 Mo. 107; *Hart v. Steedman,* 98 Mo. 452. (4) When the partition case

was instituted and the sale was had under which the defendant now claims, the General Statutes of 1865 controlled. They provided as follows: "That all costs and charges incurred in proceedings for partition should be taxed against all parties interested in proportion to their respective rights and interests therein." Sec. 56, p. 616. See, also, *Cooper v. Garesche*, 21 Mo. 151. That a fee-bill for such costs might issue against the parties liable. Sec. 22, p. 689. That execution issue for such costs. Sec. 32, p. 691. That an attorney's fee, not exceeding $100, should be allowed to the attorney bringing the suit, the same to be taxed and paid as other costs in the case. Sec. 55, p. 616. That appeals and writs of error to review the final judgments in partition should lie as in other suits. Sec. 58, p. 617. That all persons having an interest in the premises should be made parties. Sec. 4, p. 611. (5) When one tenant in common has alone occupied the common property, this is not sufficient to make him liable for rents and profits. *Dodd v. Barry*, 15 Mo. App. 595. (6) The court erred in its instructions given for plaintiffs.

*Seddon & Blair* for respondent.

(1) The judgment for costs in the partition suit of Jennings against unknown heirs of Ashley was a personal one, and the service was by order of publication against such unknown heirs of William H. Ashley, deceased. There having been no personal service, there could be no valid proceedings under that suit resulting in an adjudication that the property of the unknown heirs should be sold to satisfy the bill of costs incurred in that suit or to satisfy any other personal demand. The proceedings, therefore, to sell the land of the unknown heirs of Ashley were void. Gen. Stat. 1865,

sec. 22, p. 689; sec. 56, p. 618; sec. 32, p. 691; R. S. 1889, sec. 2936; *Pennoyer v. Neff*, 95 U. S. 714; *Foote v. Sewall*, 81 Tex. 659; *Fithian v. Monk*, 43 Mo. 502; *Janney v. Spedden*, 38 Mo. 395. (2) After two years and a half elapsing after the term at which the final judgment in the partition proceedings, Jennings v. unknown heirs of Wm. H. Ashley, deceased, was entered the court had no jurisdiction founded on the original service, whether personal or constructive, to make an order of sale of the property of the defendants to satisfy a demand for costs or any other personal demand. Freeman on Judgments, sec. 143; *Hoffelman v. Franke*, 96 Mo. 533; *Parker v. Johnson*, 22 Mo. App. 516; *George v. Meddough*, 62 Mo. 549. (3) After an ouster a cotenant is entitled to damages against his co-owner for said ouster and retention of the property. *Childs v. Railroad*, 117 Mo. 414. (4) The record shows that the counsel for appellant has made an oversight in claiming that judgment for the respondent should have been for two eighths, instead of two sixths, of the property described in the judgment. The property sued for is an undivided interest in the property set off to the "Unknown Heirs of Wm. H. Ashley, deceased," in the partition suits of Jennings. There were six branches of those unknown heirs. Plaintiff, representing in his recovery two of those branches, is entitled to recover by sixths and not by eighths.

MACFARLANE, J.—The suit is ejectment to recover a tract of land in the city of St. Louis. The answer is a general denial. Both parties claim title under William H. Ashley, deceased.

The record of a suit for partition of a larger tract, of which that in question is a part, was first read in evidence. The petitioners in said suit were Robert H. Jennings and William H. Jennings, who claimed, each,

an undivided one fourth of the land as grantees of certain of the heirs of the said Ashley and the defendants were others of his heirs. The petition charged that there were other heirs of the said Ashley who had an interest in the land, who were unknown and whose interests could not be described or names given. An order of publication was made as to these unknown parties. The court found that "said defendants, although duly notified and solemnly called, come not but make default," and judgment was rendered against them by default. Commissioners were thereupon appointed who afterward made report setting off to said unknown heirs the land in question. On June 7, 1870, the following judgment was entered of record in that case:

"Now at this day it appearing to the court that the report heretofore filed of the commissioners in this cause has laid over for more than five days under the rule of this court, and no objection to the confirmation thereof being made is, therefore, on motion of plaintiff's attorney, ordered and adjudged by the court that said report be, and the same is, in all things, hereby confirmed and held as firm and effectual forever. The sum of $100 is allowed W. H. Clopton for professional services herein."

On November 26, 1872, a motion by said petitioners was filed. This motion recited substantially that said partition suit had been brought; that the defendants were nonresidents; that "notice was had on the defendants by publication in the 'Missouri Republican;'" that in June, 1870, the property in litigation was allotted to the defendants as "the heirs of Wm. H. Ashley;" that the sheriff had collected of plaintiffs their proportion of costs, and that a fee bill for costs against the defendants had been returned *nulla bona*. Plaintiffs, therefore, petitioned for an order of sale of said property, or of so much thereof as would satisfy

said costs. Upon this motion the following judgment was entered:

"The plaintiffs, by motion in open court, having prayed for a sale of so much of defendant's property as might be necessary to meet the costs of a suit in partition assessed against them, it having appeared from the sheriff's return on the fee bill number 14,426, issued by the clerk of the circuit court of St. Louis county, that they have no personal property within the jurisdiction of the court, it is hereby ordered and decreed that the sheriff of St. Louis county proceed to advertise and sell so much of the following described real estate situate in the county of St. Louis and state of Missouri, to wit: (Here follows a description of the property in litigation) as may be necessary to pay the costs charged against them in said partition suit, and the costs of this proceeding, and that the surplus, if any, of the proceeds of the sale hereby ordered, be reported to this court, and invested for the benefit of the above defendants. And it is further ordered that the purchase money be paid in cash at the day of sale."

The land was sold under execution upon this judgment and the petitioner, William H. Jennings, became the purchaser for $250 and obtained a sheriff's deed conveying to him the land. Defendant claims title through this sheriff's sale and deed.

The foregoing evidence was introduced by plaintiff in order to prove a common source of title.

The evidence of plaintiff, in proof of his title, showed that William H. Ashley died in 1835, seized of the entire tract known as the "old reservoir," leaving his widow, and two sisters, Martha and Nancy, who were his only heirs. The widow took one half of the estate, which was set off to her, in a previous partition, leaving to the sisters and their heirs the tract divided

in the partition suit brought by Jenkins.   Martha con-
veyed her interest to the said petitioner Robert H.
Jennings.   Nancy married Francis Steger, who died
in 1835.   Nancy Steger died in 1845, intestate, leaving
surviving her as her only heirs at law, four sons, Wade
Steger, Jefferson Steger, Scott Steger and William
Francis Steger, and three daughters, Ann Steger (spin-
ster), Elizabeth Steger (spinster), who died May,
1891, Susan H. Steger (who married in 1841 with
William H. Palmore, who died March, 1882), and the
children of a deceased son, Giles Steger, to wit:   Wil-
liam Ashley Steger, Wade M. Steger, Susan S. Judd,
Martha M. Morton and Alexander Steger (who died
about July, 1863, intestate and unmarried).   Wm.
Francis, son of Nancy Steger, deceased, died, intes-
tate, forty years ago, leaving surviving him a widow,
who died in 1864, and one descendant, his only heir at
law, Sarah E. Hill, who married Wm. F. Hill, Novem-
ber 16, 1866.   Elizabeth Steger died May, 1891,
leaving a will, and as her devisees, Wm. Francis,
Edward Scott, Wade M., John D. and Marth Ann
Palmore and Susan H. Palmore and Bettie M. Stokes,
infant, described in, but not named in, the will.
Plaintiff then introduced evidence showing that Susan
H. Palmore (widow), owning one sixth of the prop-
erty in dispute; Sarah E. Hill and husband, owning
one sixth; Wade M. Steger, owning one twenty-fourth,
and the devisees of Elizabeth Steger, deceased, owning
one sixth, by deeds dated in the year 1891, and prior to
this suit, conveyed all their interest in the property in
dispute to the plaintiff.   Said petitioner William H.
Jennings, at the time of said partition, held the inter-
ests of Wade M. and Ann Steger.

It was shown that defendant and its grantors had
been in the actual, adverse possession of the premises

since 1880, and this suit was not commenced until 1891.

The court ruled, by declarations of law given defendant, that if it and its grantors had been in the actual, adverse possession of the premises, claiming the same against the plaintiff for more than ten years, "then plaintiff could not recover any interests under conveyances made to him by persons who were competent to sue."

By declarations of law given plaintiff, the court held that the sheriff's deed to Jenkins was void, and that the statutes of limitation were no bar to such interests as were acquired by plaintiff from women who were married from the time possession was taken to within ten years before the suit was commenced.

The court, sitting as a jury, found for the plaintiffs for two sixths of the premises, and judgment was rendered accordingly.   Defendant appealed.

I. No question is made in this court as to the sufficiency of the proceedings in the original partition suit of Jennings and others, petitioners, and the judgment thereunder to conclude the unknown heirs of William H. Ashley in this collateral suit.   An order of publication, notifying them of the suit, was duly made, and the court found that they were "duly notified and solemnly called."   This finding of the court was not contradicted by any other part of the record and proper publication of the notice will be presumed.

II. The contest here is in regard to the subsequent proceeding in said cause under which the property set apart to said unknown heirs was sold in satisfaction of their proportion of the costs and expenses of the suit.   The statutes of 1865 were in force when the judgment of partition was rendered, and we must look to it, and to the general principles of law to find authority for the court to make the order of sale with-

out further notice to the parties in interest than that given by the publication in the original suit.

In regard to the assessment and collection of costs in partition suits the statute declares that "all costs and charges incurred in proceedings for partition shall be taxed against all parties interested, in proportion to their respective rights and interests therein." General Statutes, 1865, sec. 56, p. 616. "In all cases founded on the statute concerning the partition of land, the petitioner or petitioners, shall pay all costs in the first instance, but shall be entitled to judgment against each of the parties interested in the partition for such part of the whole costs attending the proceedings as shall be proportionate to the amount of his interest. * * * or a fee bill may issue for the collection of the costs." *Id.*, sec. 22, p. 689. "In all cases where costs shall be awarded, either before or upon final judgment, execution shall be issued therefor, forthwith, by the clerk, unless otherwise ordered by the party in whose favor such costs shall be awarded." *Id.*, sec. 32, page 691. The first of these sections is found under the chapter relating to partition, and the last two under the chapter relating to costs in civil cases.

None of these sections give express authority for the order of sale made by the court in this case. The most that can be drawn from them in justification of any action by the court at a term subsequent to the final judgment is that the petitioners, who are made primarily liable for all the costs, upon making full payment thereof, are given the right to a judgment against each of the other parties interested in the partition for his proper proportion. But, assuming, for the purposes of this case only, that the petitioners had paid all the costs before filing their motion; that the order of sale made by the court was a judgment within the

contemplation of the statute; and that a judgment could have been entered on mere motion of petitioners, we are still of the opinion that the order was an absolute nullity for want of notice to the parties to be affected by it.

A party over whom a court has obtained jurisdiction must take notice of all proceedings until final judgment is rendered, but, after judgment, he is not regarded as being before the court, and should have notice of any subsequent proceedings which affect his rights. This is particularly so in case the original jurisdiction was obtained by publication of notice and the judgment is by default. In such case a personal judgment could not be rendered in the first instance, nor could a judgment be rendered different from the one authorized by the proceedings of which he had notice. 1 Freeman on Judgments [4 Ed.], secs. 142, 143; *Fithian v. Monks*, 43 Mo. 502; *Janney v. Spedden*, 38 Mo. 395.

Much less could a new and different judgment be taken, without notice, on a cause of action which accrued after the final judgment in the original action had been rendered. The right to notice in such case is fundamental and a judgment without it would be without due process of law.

In *George v. Middough*, 62 Mo. 551, the record of a judgment, which had been destroyed, was restored without notice to the defendant therein. The court held the order restoring the judgment to be absolutely void. WAGNER, J., said: "It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding * * * in court, that party should be notified, in order that he may appear for his own protection."

In *Ray County v. Barr*, 57 Mo. 291, it is said: "Where the law is silent as respects notice to a person

whose interest is affected by a proceeding in court, notice will always be implied; and he must be brought in in some appropriate way, before he will be bound."

It was held in a recent case that, after the lapse of the term at which the dissolution of an injunction occurs, notice to the opposite party of a motion to assess damages is necessary. *Hoffelmann v. Franke*, 96 Mo. 534. See, also, *Musick v. Railroad*, 114 Mo. 309, and cases cited.

Vanfleet gives it as his opinion "that, when a final judgment is rendered and the term is past, the parties are completely out of court; and that any new proceeding without a notice is just as void as the original would have been." Collateral Attack, sec. 699; *Mulvey v. Carpenter*, 78 Ill. 580; *Johnson v. Anderson*, 76 Va. 766; *Gavin v. Board*, 104 Ind. 201.

The statute which authorized a judgment in favor of petitioners against the defendants, for costs paid by them, necessarily implied that notice thereof should be given, and the order of sale made without notice was absolutely void, and no title was passed by the sheriff's sale and deed.

III.   The declarations of law given by the court in respect to the operation of the statutes of limitation were unobjectionable. The statutes did not begin to run against interests held by married women, at the time possession was taken, until the disability of coverture was removed. The evidence shows that two-sixth interests were thus held until within a period of ten years next before the commencement of the suit. As to these interests the statute was no bar. R. S. 1889, sec. 6779.

Defendant objects that the interests of the two married women, heirs of Nancy Steger, viz., Susan Palmore and Sarah E. Hill, which plaintiffs held, were each only one eighth instead of one sixth and that

therefore the judgment should only be for two-eighths. It is true that Nancy Steger left eight stirpes to whom her interest descended, but it must be remembered that the petitioners in the partition suit held two of these interests which were set off to them, and the land in question was set apart to the other six, and each of them, therefore, became vested with an undivided one sixth of the property by virtue of the partition, and not with one eighth by inheritance from their ancestor.

IV.   The court gave judgment for $1 damages and $14.72 monthly value of the rents and profits in the premises recovered.   It is insisted that one tenant in common in possession can not be held for damages and rents until he has notice of the claim of title by the other tenants.

The rule is, that "one tenant may recover in ejectment against a cotenant by showing that defendant ousted him or did some act amounting to a total denial of his rights as such cotenant." *Childs v. Railroad*, 117 Mo. 434.

Defendant had the right to disclaim an adverse possession, and, if that had been done, and plaintiff had been let into possession, no damages or rents could have been recovered in this action.   But defendant did not disclaim, but, on the contrary, denied plaintiff's rights by answer, and throughout the trial, and still does so on this appeal.   The statute of limitations does not run in favor of one tenant against a cotenant until there is a disseizin.   Defendant claimed an adverse possession from 1880, when possession was taken; indeed, some of the interests claimed by plaintiff were defeated on this plea.   Defendant can not be heard to assert an ouster, in order to give effect to the statute of limitations, and deny it in order to defeat a claim for damages.   Judgment affirmed.   All concur.