ALBERT J. HOPPE, INC., Respondent, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Appellant, No. 42031—235 S. W. (2d) 347.

Court en Banc, November 13, 1950.

Rehearing Denied, January 8, 1951.

*Mattingly, Boas & Richards* and *Lloyd E. Boas* for appellant.

*Willson, Cunningham & McClellan, Richard D. Gunn* and *George C. Willson III* for respondent.

[348] CONKLING, J.—Albert H. Hoppe, Inc. (hereinafter called plaintiff) sued the St. Louis Public Service Company (hereinafter called defendant) for damages to plaintiff's hearse which resulted from an intersection collision with defendant's bus at 22nd and Madison Streets in St. Louis, Missouri, on July 28, 1948. Upon the verdict of the jury judgment was entered for defendant on March 24, 1949.

Fourteen days after the judgment plaintiff filed a paper which it denominated a "motion for new trial". Twenty-nine days after the judgment, without notice to any of the parties and without any hearing, the trial court "of its own motion ordered plaintiff's motion for new trial stricken from the record * * * and granted plaintiff a new trial under Section 119 of General Code for Civil Procedure for the reason that the verdict and judgment is against the evidence and against the weight of the evidence". Defendant thereafter appealed to the St. Louis Court of Appeals. The opinion of that court (227 S. W. (2d) 499) affirmed the trial court's order setting aside the verdict and judgment, and remanded the cause to the trial court. Upon defendant's motion therefor we thereafter ordered the cause transferred here.

In our view of this case, and in view of our disposition of it, we deem it unnecessary to here restate the facts as to the collision of the bus and hearse. Reference is made to the Court of Appeals opinion for such facts. We agree with that portion of the opinion of the Court of Appeals wherein that Court held that the driver of plaintiff's hearse, Mr. O'Connor, under the instant circumstances was not negligent as a matter of law, and that "under all the testimony it (plaintiff's contributory negligence) became a jury question."

But we are not in accord with the disposition of the other question ruled by the Court of Appeals in paragraph (12) of its opinion, 227 S. W. (2d) l. c. 503. The precise question now for our ruling, therefore, may be stated in these words: May a trial court (even though it may purpose to order a new trial upon the ground that the verdict and judgment in a case are against the weight of the evidence, and even though the trial court may make such order in less than 30 days after the rendition of the verdict and entering of the judgment in a cause) make such order without reasonable notice to the parties to the action, and without giving them an opportunity to be heard as to the propriety of such order? After consideration of the basic principles involved, and upon analysis of what the courts have written upon the subject, it is our conclusion and we rule that the trial court may not do so.

[349] We recognize, and of course reaffirm, the inherent right of the trial court in the exercise of its judicial discretion to vacate a judgment and to order or to grant a new trial upon the ground that the verdict and judgment in a case are against the weight of the evidence. That rule is so deeply grounded in the jurisprudence of this state that no one would question it. The supporting cases are collected in West's Mo. Digest, New Trial, Key 72. Much has been written upon the subject. Even if the reviewing court should reach the opposite conclusion from a trial court which grants or orders a new trial for that reason, the appellate court will not interfere unless it should clearly appear that the trial court's discretion was abused and arbitrarily exercised. State ex rel. Spears v. Hughes, 346 Mo. 421, 142 S. W. (2d) 3, Ritzheimer v. Marshall, (Mo. App.) 168 S. W. (2d) 159.

The trial court here recognized the fact that plaintiff's purported motion for new trial (having been filed more than ten days after the verdict and judgment) was not in fact a motion for new trial but a mere nullity, which had no place in the case. The court correctly struck it from the record and files. In Mo. R. S. A., Sec. 847.119 our Code provides, that, "Not later than 30 days after entry of judgment, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor."

Under that statute the trial court has the judgment locked in its breast for those thirty statutory days, and during those thirty days, "of its own initiative", may vacate the judgment and order a new trial upon its own motion. Berger v. Podolsky Bros., 360 Mo. 239, 227 S. W. (2d) 695, Beer v. Martel, 332 Mo. 53, 55 S. W. (2d) 482. Prior to our present Code, the trial court had such power during the entire term at which the judgment was entered. Beer v. Martel, supra, Savings Trust Co. of St. Louis v. Skain, 345 Mo. 46,

131 S. W. (2d) 566, DeMaire v. Thompson, 359 Mo. 457, 222 S. W. (2d) 93. And it now has such power during that 30 day period whether there is or is not a motion for new trial. DeMaire v. Thompson, supra. It is not argued that the trial court did not have the *power* to enter the order it made, but the question instantly here is the procedural *manner* in which the court must act to exercise the power which it exercised in this case.

The defendant contends that the court, in an arbitrary and unlawful manner, exercised its power to vacate the judgment, that is, that it acted without giving defendant a chance to be heard in opposition, and that the order is therefore void and deprived defendant of due process.

Upon the question now before us plaintiff cites no authority, but contends that inasmuch as Mo. R. S. A., Sec. 847.119 provides that the trial court "of its own initiative may order a new trial" that by those quoted words a change was effected in the Missouri procedural law, and no notice to the party to be affected is necessary. Plaintiff argues that under R. S. Mo. 1939, Sections 1168 and 1169 of the former Code, and under Mo. R. S. A. § 847.119 of the new Code no notice to the party to be adversely affected is made mandatory *by the statute*. It may be conceded that no provision of that statute required a notice to be here given. But the requirement of reasonable notice goes deeper than that. The words of the new Code Section 847.119, "of its own initiative may order a new trial", are but a statutory recognition of the power the trial court theretofore had to vacate a judgment during the term at which it was entered. Whether the trial court, of its own initiative, orders the vacation of a judgment because of a matter coming to its attention after judgment, or before judgment, is not of consequence. Upon reasonable notice it may vacate the judgment for any legal reason, if it does so "not later than 30 days after entry of judgment."

The question now before us concerns not the power of the court to order the vacation of a judgment, nor the time within which such vacation of judgment may be ordered. We are here concerned only with the *manner* of the exercise of such power. This court has written upon this question. In Dougherty v. Manhattan Rubber Co., 325 Mo. 656, 29 S. W. (2d) 126, we said: [350] " 'It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection. * * * This court has heretofore refused to sanction the practice of trial courts in changing or modifying final judgment, even during the same term at which they were entered, without notice to the litigants whose interests are affected, but who are no longer in court.' " In In Re Zartman's Adoption, 334 Mo. 237, 65 S. W. (2d) 951, we said: "The plaintiff had no opportunity to meet or con-

trovert it in any manner. Would it be contended that a judge had power to vacate during the term a judgment of debt, because some one informed him after its rendition that the debt had been paid prior to its rendition? To vacate a judgment or decree, without giving opportunity to the party who obtained it to be heard, can not be regarded as due process of law.''

In Kelso v. W. A. Ross Const. Co., 337 Mo. 202, 85 S. W. (2d) 527, we said: ''The trial court, of course, has power of its own motion to set aside a judgment and grant a new trial at any time during the trial term, whether suggestions are made or not, subject only to the qualifications that it must give the parties reasonable notice, allow them to be heard, and act upon reasonable grounds and not arbitrarily.'' In Savings Trust Co. of St. Louis v. Skain, supra, we said: ''But while the court has that general jurisdiction and although an outside suggestion may be the motivating cause of the investigation, it does not follow that the court can act arbitrarily, without giving the party adversely affected notice and an opportunity to be heard on the new issues. It was held in Dougherty v. Manhattan Rubber Co., 325 Mo. 656, 659, 29 S. W. (2d) 126, 127, that such judicial action is void.'' In Lee v. Baltimore Hotel Co., 345 Mo. 458, 136 S. W. (2d) 695, we said: ''There can be no question about the inherent power of the trial court to set aside a verdict and grant a new trial, at any time during the term in which it is returned, in the reasonable exercise of its discretion, * * *. This power is 'subject only to the qualifications that it must give the parties reasonable notice, allow them to be heard, and act upon reasonable grounds and not arbitrarily.' '' See also, Aull v. St. Louis Trust Co., 149 Mo. l. c. 14, 50 S. W. 289, 292, George v. Middough, 62 Mo. 549, Mandel v. Bethe, (Mo. App.), 170 S. W. (2d) 87, In Re Waters Estate, (Mo. App.) 153 S. W. (2d) 774, Konta v. St. Louis Stock Exchange, (Mo. App.) 131 S. W. 380.

The question instantly before us goes deeply into the underlying principles of due process. In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights is the very foundation stone of our procedure. The requirement of notice can result in no hardship. Nor is it restrictive of the trial court's freedom of action in the exercise of its judicial discretion. In 66 C. J. S., Notice, p. 652, it is said: ''While the view had been expressed that usually notice of summary action is not essential, it has been held or recognized that, where an act to be performed by a court or other authority will especially

affect a particular individual, reasonable notice should be given to him, so that he may appear and be heard, even though the giving of notice is not required by statute, and that, where a statute confers power on a judicial or an administrative agency to render a judgment or make an order affecting rights of persons or property, and no provision is made for notice, the court will require a reasonable notice.''

This court recognized that principle in State ex rel. Reid v. Walbridge, 119 Mo. 383, 24 S. W. 457, where the mayor of St. Louis was empowered to remove a city officer for cause and no procedure for removal was specified. It was there held that there existed an implied requirement of notice. Judge Sherwood, for this Court, in part, said: ''But the law in accordance [351] with the principles of justice,—principles which are fundamental and eternal, will require that notice be given before any person be passed upon, either in person, estate or any other matter or thing to which he is entitled. And though the statutes do not in terms require notice, the law will imply that notice was intended. * * * And what the law will imply, is as much part and parcel of a legislative enactment, as though set forth in terms.''

It may be noted that after the tenth day following the entry of the judgment in this case, there existed upon the record only the final judgment in defendant's favor. In Roberts v. St. Louis Merchants Land Improvement Company, 126 Mo. 460, 469, 29 S. W. 584, we said that: ''A party over whom a court has obtained jurisdiction must take notice of all proceedings until final judgment is rendered, but after judgment he is not regarded as being before the court, and should have notice of any subsequent proceedings which affect his rights.'' The filing of the plaintiff's purported motion for new trial on the fourteenth day after judgment did not affect the finality of the instant judgment. But for thirty days after March 24, 1949, the judgment remained in the breast of the court. During that period of its own initiative the trial court could in its discretion vacate it, that is, the statute recognized its inherent power to exercise the discretion to do that. But that power ''is discretionary only as to questions of fact and matters affecting the determination of issues of fact.'' DeMaire v. Thompson, supra. The manner (as to whether legal or not) of the exercise of that discretionary power is a question of law. And there is no discretion as to the law. Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S. W. (2d) 383.

Procedurally, the manner of the vacation of the judgment must not be arbitrary. Parties are entitled to reasonable notice as basic in simple fundamental justice. If the trial court intends to summarily vacate a judgment, the party in whose favor such judgment stands of record unquestionably is entitled to reasonable notice and hear-

ing. If the trial court purposes to summarily set aside and vacate a judgment and order a new trial for a substantially unappealable reason the least the law can accord is reasonable notice and hearing. Under the instant circumstances of no notice and no hearing the order vacating the judgment entered upon a verdict at the end of a trial was an arbitrary exercise of discretion, fails to meet the standards of fairness and justice basic to and necessary in our system of jurisprudence, where judgments are rendered only upon notice and inquiry, and, as we have heretofore ruled, is not due process of law .

The order of the circuit court vacating the judgment is reversed and the cause is remanded with directions to the circuit court to reinstate the judgment entered March 24, 1949. It is so ordered. All concur.