**Marian G. McCLINTOCK, Respondent,**

v.

**Robert G. McCLINTOCK, Appellant.**

No. 38297.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 4, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Marian G. McClintock pro se.

Robert G. McClintock pro se.

CLEMENS, Presiding Judge.

As provided by § 452.345, RSMo. 1969,[1] the circuit court ordered defendant-husband to make his previously adjudged alimony and child-support payments to the circuit clerk as trustee for plaintiff-wife. The order was made without notice to defendant.

On appeal defendant raises a due process challenge to the trial court's summary action, contending the court deprived him of his right to notice. Due process requires notice and an opportunity to be heard before a person can be *deprived of* life, liberty or *property.*

Defendant relies on the landmark due process case of *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347[7] (1950). There, defendant had a verdict and judgment but the trial court on its own motion and without notice vacated defendant's judgment and granted a new trial. In condemning this and holding the trial court erred in vacating defendant's judgment without notice the supreme court based its decision on the fact the trial court's action "affected defendant's rights" and was "adverse to its interests."

*Hoppe* is readily distinguishable. There, the trial court took away defendant's judgment, a substantial right. Here, there was an unchallenged monetary judgment against defendant. The trial court ordered defendant to make future payments thereunder to the circuit clerk. The order in no way affected defendant's obligation to pay; it neither "affected defendant's rights" nor was it "adverse to his interest." Due process did not require prior notice.

Judgment affirmed.

SMITH, J., concurs.

McMILLIAN, J., dissents in a separate opinion.

McMILLIAN, Judge, dissenting.

I disagree and would grant defendant notice and an opportunity to be heard. It is true that the trial court's order in no way affects defendant's obligation to pay; however, I do not agree that it neither "affected defendant's rights" nor was it "adverse to his interest." For example, defendant is now subject to the immediate possibility of contempt proceedings if he fails to make the payments to the circuit clerk. Due process requires at the least that the party whose rights are before the court be afforded notice and an opportunity to be heard. This requirement of minimal procedural due process will not restrict the discretion of the trial court.

In addition, I believe this change constitutes a modification order which cannot be made without prior notice and an opportunity to be heard. For this reason, defendant should have been given notice and an opportunity to be heard before the trial court granted respondent's motion ordering alimony and child support payments be made to the circuit clerk. Under these circumstances, I would reverse the judgment.

1. "Upon its own motion or upon motion of either party, the court at any time may order that maintenance or support payments be made to the circuit clerk as trustee for remittance to the person entitled to receive the payments."