**Benny GRIFFITH, Appellant,**

v.

**MULLENIX CORPORATION, Ivan Mullenix and Daniel Arvisu, Respondents.**

**No. 49104.**

Missouri Court of Appeals, Eastern District, Division Three.

March 19, 1985.

Eugene H. Fahrenkrog, Jr., Pamela M. Triplett, St. Louis, for appellant.

Daniel P. Card, II, Donald W. Paule, St. Louis, for respondents.

CRIST, Judge.

Plaintiff appeals the dismissal of his petition for failure to state a claim upon which relief may be granted. We dismiss the appeal.

Plaintiff's First Amended Petition, filed February 14, 1984, contained three counts. Count I, against individual defendants Ivan Mullenix and Daniel Arvisu, alleged tortious interference with plaintiff's business relationship with plaintiff's employer, defendant Mullenix Corporation. Counts II and III, both directed solely at defendant Mullenix Corporation, respectively alleged a wrongful discharge under the Worker's Compensation Act and attempted to state a claim under the "Prima Facie Tort" doctrine. On June 12, 1984, upon defendants' motion, plaintiff was ordered to make Counts I and II more definite and certain, and Count III, alleging a "Prima Facie Tort," was dismissed. This dismissal was designated a final, appealable order under Rule 81.06. No motions or notice of appeal concerning this count were filed until August 31, 1984, more than forty days following the order.

Plaintiff filed his Second Amended Petition on June 28, 1984. The two-court petition was in two counts, omitting a count alleging a "Prima Facie Tort," and essentially pled the same facts as did the First Amended Petition, despite the order to make the petition more definite and certain. Defendants, on July 9, 1984, again moved to dismiss or, in the alternative, for a more definite statement. The court, on July 30, 1984, dismissed Count I, and ordered plaintiff to make Count II more definite and certain.

On August 13, 1984, the court, without notice to defendants, set aside its order of July 30, and dismissed both counts. On August 21, 1984, defendants' requested the trial court to specify reasons for amending the order of July 30. The trial court responded on the record:

> Pursuant to request of Defendants counsel and without objection by Plaintiffs counsel. With reference to Courts Order of August 13, 1984, the amended judgment was entered that date for the reason that counsel for plaintiffs desired to appeal the prior rulings in the instant case and felt that a dismissal of the remaining Count and an appeal at this time was the provident way to proceed.

> The Court concurrs (sic), although the Court ruled that the outline of a cause of action was technically set out in Count II.

 The order of August 13, 1984 did not confer proper jurisdiction of this court. We consider the order as though entered *sua sponte*, because plaintiff's "request" is not present on the record. See Rule 55.-26(a). As it was entered without notice, it is therefore void, *Byrd v. Brown*, 613 S.W.2d 695, 700 (Mo.App.1981) and cannot stand. *Dixon v. Bi-State Development*

*Agency,* 636 S.W.2d 696, 698 (Mo.App. 1982). The last valid order, of July 30, 1984, is not final and appealable.

Appeal dismissed.

DOWD, P.J., and CRANDALL, J., concur.