**Barbara Lee LACY, Relator,**

v.

**The Honorable David A. DALTON, and The Honorable Fred Rush, Respondents.**

No. 59291.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Feb. 13, 1991.

Lee Reneau Elliott, Troy, for relator.

Joel B. Eisenstein, Eisenstein, Smith & Burke, St. Charles, for respondents.

CRANE, Judge.

Relator Barbara Lee Lacy [wife] seeks a writ of prohibition prohibiting the respondents, Hon. Fred Rush and Hon. David A. Dalton, from proceeding with the underlying garnishment and execution and directing Judge David Dalton to vacate his October 22, 1990 order in which he set aside a previous judgment of another circuit judge. We have issued our preliminary writ and now make it permanent.

We will briefly summarize the proceedings leading up to the October 22 order. In so doing, we confine ourselves to the record presented to us and will not speculate regarding facts disputed by the parties and not supported by the record. *Verdin v. Agnew*, 715 S.W.2d 544, 546 (Mo. App.1986).

Wife was granted a decree of dissolution of marriage on November 27, 1981. On May 8, 1990, wife requested that a garnishment and execution issue against her ex-husband for unpaid child support. The garnishment and execution issued for $7,340.00 returnable July 20, 1990. On May 23, 1990, the wife's ex-husband filed a motion to quash and notice of hearing. The matter was set for hearing on May 31, 1990, in Division 4 of the Circuit Court of Lincoln County before Judge David Dalton. On that date Judge David Dalton advised wife and ex-husband that the judge's wife was employed by the same law firm as ex-husband's attorney. He told them that he would not hear the matter on a contested basis unless the conflict was waived on the record. Whether he did disqualify himself on that date is a matter of dispute.

On August 27, 1990, the motion to quash was set for trial on October 18, 1990, before Division 1 of the Circuit Court of

Lincoln County, Hon. Lester Duggan, Jr. On September 24, 1990, wife filed a motion for sanctions which was set for hearing on October 12, 1990. Ex-husband made a motion for continuance which was denied on October 12, 1990, by Hon. Donald E. Dalton, Sr. Judge Donald Dalton moved the hearing on the motion for sanctions to October 18, 1990, the date of the trial.

Neither ex-husband nor his attorney appeared at the October 18, 1990, hearing before Judge Duggan. Upon inquiry to the Lincoln County clerk, Judge Duggan learned that Judge David Dalton had vacated the October 18, 1990, trial setting on October 17, 1990. The written order subsequently was filed on October 18 and set out that the continuance was granted because ex-husband's attorney had other cases set for trial in St. Charles County.

Judge Duggan took notice that the Judge's Sheet indicated that Judge David Dalton was disqualified from hearing the matter, that Judge David Dalton had so stated in open court in an earlier proceeding, that ex-husband's request for a continuance had been denied on October 12, that the Lincoln County Law Day trial settings were made a month prior to the St. Charles County Law Day trial settings, and that ex-husband's attorney had notice of the October 18 setting. Judge Duggan then proceeded to hear both the motion to quash and the motion for sanctions. He deemed admitted all unanswered requests for admissions. After the hearing, Judge Duggan granted the motion for sanctions and denied the motion to quash. Attorney's fees of $450.00 were awarded to wife's attorney.

No motion to set aside that order was filed. On October 22, 1990, Judge David Dalton *sua sponte* set aside Judge Duggan's order and reset the matter for trial before Judge Rush on November 27, 1990. This action was taken without notice to the parties or a hearing. Although no specific finding of "good cause" appears in the order, the order refers to the fact that a continuance had been granted on the 17th.

Wife bases her request for a writ of prohibition on three grounds: 1) that she was denied her rights to notice and hearing under the Missouri Rules of Court and the due process clauses of the Missouri and U.S. Constitutions; 2) that Judge David Dalton was or should have been disqualified from making any rulings in the case; and 3) that a presiding judge may not overrule and countermand lawful orders of other circuit judges. We agree with wife's due process argument and, therefore, do not reach the latter two grounds.

It is clear that Judge David Dalton's order of October 22, 1990, violates Rule 75.01, which provides:

> The trial court retains control over judgments during the thirty-day period after entry of judgment and may, *after giving the parties an opportunity to be heard* and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. [Emphasis supplied.]

The notice and hearing requirements in Rule 75.01 are required by due process. As long as the power of the trial court to vacate a judgment has been recognized in this state, it has been subject to the qualification that the court must give the parties reasonable notice and allow them to be heard. *See State ex rel. Kairuz v. Romines,* No. 58953 (Mo.App.E.D. February 5, 1991), in which the history of this requirement of due process in the context of vacating a judgment is extensively detailed.

In *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235 S.W.2d 347 (Banc 1950), our Supreme Court held that reasonable notice is a prerequisite to the lawful exercise of power by a court, and declared that an order setting aside a judgment and granting a new trial, entered on the court's own motion but without notice or an opportunity to be heard, was null and void and a violation of due process. *Id.* 235 S.W.2d at 350. The most recent Supreme Court decision regarding the legal effect of an order setting aside a judgment is *Hewitt v. Chicago, Burlington & Quincy Railroad Co.,* 426 S.W.2d 27 (Mo.1968). In *Hewitt,* an order of a trial court in which it vacated on its own motion a prior order granting a new trial was held invalid because the par-

ties were not given notice of the order until after it was entered. *Id.* at 29. In adopting the present version of Rule 75.01, to which the words "after giving the parties an opportunity to be heard" were added, the Supreme Court reaffirmed its decision in *Hewitt. Kairuz, supra,* slip op. at 16.

Prior to *Kairuz* we have consistently held in construing Rule 75.01 that absent notice to the party adversely affected by the order, the trial court exceeds its jurisdiction and the order is void. *Champ v. Poelker,* 755 S.W.2d 383, 386 (Mo.App. 1988); *Griffith v. Mullenix Corp.,* 688 S.W.2d 46, 47 (Mo.App.1985); *Dixon v. Bi–State Development Agency,* 636 S.W.2d 696, 698 (Mo.App.1982).

In *Kairuz, supra,* we granted a writ of prohibition on due process grounds under facts and circumstances similar to those in the present case. There the respondent set aside his own order of dismissal without notice to either party in the underlying action and reset the case for trial. Thereafter, the relator filed a motion to dismiss and to remove the case from the trial docket. After the motion to dismiss was denied, the relator petitioned for a writ of prohibition. We held that the relator was deprived of substantial rights without due process of law by the violation of the notice and hearing requirements of Rule 75.01. As a result, the order setting aside the dismissal was vacated. *Kairuz, supra,* slip op. at 18.

Respondents have not given us the benefit of a brief. We have, nevertheless, considered those cases in which our Supreme Court has denied a writ even though the post-trial order at issue was granted without prior notice or hearing. We do not find that this case falls within the unusual circumstances presented by any of those cases. This is not a situation where the affected party had *de facto* notice by virtue of a pleading or pending motion or conversations with the court as in *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637 (Mo. banc 1982) and *Derfelt v. Yocom,* 692 S.W.2d 300 (Mo. banc 1985). Nor is it a situation where the affected party is estopped from asserting the invalidity of the order be-

cause he made a strategic decision to allow it to stand as in *Todd v. Todd,* 762 S.W.2d 449 (Mo.App.1988) from our Western District. We therefore apply the general rule and find that in failing to give wife notice and an opportunity to be heard, the trial court, through Judge David Dalton, exceeded its jurisdiction and its order is void.

The facts and circumstances in this case clearly show that the wife was deprived of substantial rights without due process of law. Judge Duggan's October 18, 1990, order granting the Motion for Sanctions and denying the Motion to Quash constituted a final judgment and is not patently irregular as in *Derfelt v. Yocom, supra.* The dispute over whether Judge David Dalton could have properly granted a continuance or whether Judge Duggan could have or should have proceeded in light of the purported continuance is not before us and no factual record by affidavit or other sworn testimony was supplied to us. The record before us indicates that ex-husband has taken no action challenging that order. The October 22, 1990, order of Judge David Dalton to set aside the order and reset the matter for hearing deprives the wife of her judgment and forces her to endure the time and expense of retrying the matter without the benefit of notice or an opportunity to be heard. Although wife was given notice of Judge David Dalton's order after it was entered, the October 22 order was not a final judgment. Wife could not avail herself of an appeal, motion for new trial, or a Rule 75.01 motion. Accordingly, wife's action in seeking a writ was appropriate because the order affected substantial rights, deprived her of due process and exceeded the jurisdiction of the trial court.

We make our provisional order of prohibition permanent. Respondents are directed to vacate the order of October 22, 1990, to reinstate the judgment of October 18, 1990.

KAROHL, P.J., and SATZ, J., concur.