Paul E. SWANSON and Maxine E. Swanson, and Sergeant Peppers, Inc., Plaintiffs–Appellants,

v.

D & R ENTERPRISES, Defendant,

and

David H. Jones, Defendant–Respondent.

No. 19775.

Missouri Court of Appeals,
Southern District,
Division One.

May 16, 1995.

Susan D. McDonald, Myers, Taylor and Whitworth, P.C., Joplin, for appellants.

Phillip A. Glades, Anita K. Oakes, Phillip A. Glades, P.C., Joplin, for respondent.

FLANIGAN, Judge.

Plaintiffs brought this action against defendants D & R Enterprises, Inc., and David H. Jones. The first three counts of the petition were directed against the corporate defendant and arose out of leases of plaintiffs' building and personal property to the corporate defendant. Count IV, directed against defendant Jones, alleged that Jones was liable to plaintiffs, under a written guaranty, for the corporate defendant's liability under the first three counts.

On June 14, 1993, by agreement of the parties, the court entered a money judgment on the first three counts in favor of plaintiffs and against the corporate defendant. The rest of this opinion will refer to defendant Jones as "defendant."

On July 28, 1994, pursuant to "60 days' advance notice," the non-jury trial on Count IV took place before Judge Ralph Jaynes. Both sides were represented by counsel. Plaintiffs introduced evidence in support of Count IV. Defense counsel introduced no evidence. At the conclusion of the hearing, the trial court entered judgment on Count IV in favor of plaintiffs and against defendant in the amount of $11,069.04.

The following events then occurred in 1994:

August 1—Defendant filed a document entitled "Motion to Set Aside Judgment or, in the Alternative, Motion for a New Trial." The motion recited that it was filed pursuant to Rule 74.06(b)(1).[1]

August 10—Defendant's motion set for hearing on August 15, at 1:30 p.m., before Judge Jaynes.

August 15—By reason of illness of Judge Jaynes, the hearing scheduled for this date was not held.

August 26—Without notice to plaintiffs, Judge Baldridge, acting in the absence of Judge Jaynes, entered an order which vacated the judgment of July 28, and granted a new trial on Count IV.

Plaintiffs filed a timely appeal from the order of August 26, which is an appealable order. § 512.020; *C.M. v. K.M.*, 878 S.W.2d 55, 56[1] (Mo.App.1994); *Byrd v. Brown*, 613 S.W.2d 695, 697–698[1] (Mo.App. 1981).

Plaintiffs contend that the order of August 26 is void because: (a) plaintiffs were denied due process in that there was no hearing on the motion and plaintiffs were given no notice of the order or opportunity to be heard prior to its entry; and (b) there was no evidence permitting the court to find "mistake, inadvertence, surprise, or excusable neglect," [Rule 74.06(b)(1)], in that there was no hearing on the motion and the motion was not accompanied by affidavits or other supporting evidence.

For the reasons which follow, this court agrees with (a), holds that Rule 74.06(b)(1) is inapplicable here, and reverses the order of August 26.

Rule 75.01 reads, in pertinent part:

"The trial court retains control over judgments during the thirty-day period after entry of judgment and may, *after giving the parties an opportunity to be heard and for good cause,* vacate ... its judgment within that time. Not later than thirty days after entry of judgment the

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and, except where indicated, all references to statutes are to RSMo1994, V.A.M.S.

court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor." (emphasis added).

Rule 74.06 reads, in pertinent part:

"(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final* judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...

(c) A motion under subdivision (b) does not affect *the finality* of a judgment or suspend its operation.... The motion and a notice of a time and place for hearing on the motion shall be served upon the parties to the judgment pursuant to Rule 54." (emphasis added).

In *Cotleur v. Danziger*, 870 S.W.2d 234 (Mo. banc 1994), the court said, at 236[1]:

"*Supreme Court Rules 74.05, 74.06,* and *75.01* each provide procedural means by which to set aside judgments, each rule having its own standard for relief. *Rule 75.01* contains the least stringent standard because it inheres while the trial court retains jurisdiction of the case. The trial court may set aside its judgment before it becomes final, for 'good cause.' *Rule 75.01. Rule 74.05(c),* governing defaults, requires more, allowing a court to set aside a default judgment for 'good cause' *if* the party can show 'facts constituting a meritorious defense.' (emphasis [in original]). Finally, *Rule 74.06(b),* as pertinent here, allows a court to set aside a *final* judgment after a court has ruled on the merits of a case, but only if the party is able to show excusable neglect. *Rule 74.06(b)* is, therefore, read to require the highest standard of the three rules for setting aside a judgment, giving effect to the interests in stability of *final* judgments and precedent." (emphasis added).

Rule 74.05(c) is not involved here because the judgment of July 28 was not a default judgment, and no party to this appeal claims otherwise.

■ The order of August 26 cannot be sustained on the basis of Rule 75.01 because it was entered without giving the plaintiffs "an opportunity to be heard." Rule 75.01 authorizes vacation of a judgment only "after giving the parties an opportunity to be heard and for good cause." Since the opportunity was not given here, it is unnecessary to determine whether good cause was shown.

In *State ex rel. Kairuz v. Romines,* 806 S.W.2d 451 (Mo.App.1991), the court said, at 454:

"This inherent power to vacate or amend a judgment was codified by the enactment of the Missouri Code of Civil Procedure, § 847.119 RSMo.1943, but limited to 30 days after the entry of judgment. Although the statute was silent regarding the necessity of providing the parties with notice and opportunity to be heard, such a requirement was engrafted upon the statute by judicial decision. In *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235 S.W.2d 347 (banc. 1950) the Supreme Court declared an order of the trial court setting aside a judgment and granting a new trial entered on the court's own motion but without notice or opportunity to be heard to be null and void and a violation of due process.

.     .     .     .     .

"In its present form Rule 75.01, adopted in 1980, incorporates the teaching of *Hoppe* by expressly requiring the parties be provided with an opportunity to be heard as a condition precedent to the exercise of the trial court's power to vacate, reopen, correct, amend or modify its judgment. It has been held under the rule that absent notice to the party adversely affected by the order, the trial court exceeds its jurisdiction and the order is void. *Champ v. Poelker,* 755 S.W.2d 383, 386 (Mo.App.1988); *Griffith v. Mullenix Corp.,* 688 S.W.2d 46, 47 (Mo.App.1985); *Dixon v. Bi–State Development Agency,* 636 S.W.2d 696, 698 (Mo.App.1982)."

■ In *Brockhoff v. Leary,* 711 S.W.2d 869 (Mo. banc 1986), the court said, at 871[1] that Rule 75.01 "require[s] that notice be given, and the failure to provide notice should now be treated as a violation of the rule." To

similar effect see *Hatfield v. Cristopher*, 841 S.W.2d 761, 764[5] (Mo.App.1992); *Lacy v. Dalton*, 803 S.W.2d 664, 665[2] (Mo.App. 1991) (trial court's power to vacate under Rule 75.01 subject to qualification the court must give the parties reasonable notice and allow them to be heard).

The trial court's order of August 26 was void for lack of notice to plaintiffs, and the defect was not cured by the mere fact that defendant filed the motion on August 1. Rule 55.30(c) permits a trial court to provide "for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and in opposition." In the absence of a Rule 55.30(c) provision, and defendant makes no claim that such a provision existed, the trial court was obligated to give plaintiffs notice and an opportunity to be heard before it took up defendant's motion. *Estate of Kibbe*, 704 S.W.2d 716, 717[2] (Mo.App.1986).

■ Rule 74.06(b), on which defendant's motion, filed August 1, was predicated, furnishes no basis for the order of August 26. There was no compliance with the notice [of time and place of hearing] requirement of Rule 74.06(c), and that is fatal to the order.

■ A more basic reason why the order of August 26 cannot be predicated on Rule 74.06(b) is that Rule 74.06(b) deals only with relieving a party from "a *final* judgment." See *Cotleur*, at 236. The judgment of July 28, from which defendant's motion sought relief, was not yet a final judgment although it later became final. A timely motion for new trial was filed, Rule 73.01(a)(4), and the judgment of July 28 was not final until that motion was disposed of, or 30 days after the entry of the judgment of July 28, whichever was later. Rule 81.05(a). Thus, the judgment of July 28 was not a final judgment and was not subject to attack under Rule 74.06(b) when defendant's motion was filed.

The order of August 26, 1994, is reversed.

SHRUM, C.J., and MONTGOMERY, J., concur.