Joel Robert DIXON, Plaintiff-Appellant,

v.

John M. KINKER, Defendant-Respondent.

No. 32402.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1966.

————◆————

Hullverson, Richardson & Hullverson, St. Louis, for plaintiff-appellant.

Niedner, Niedner, & Moerschel, St. Charles, for defendant-respondent.

BRADY, Commissioner.

In this jury waived action the plaintiff alleged both primary and humanitarian negligence. The trial court found that the defendant was guilty of primary negligence in that he failed to yield the right-of-way, but also found the plaintiff was barred from recovery on that theory by his contributory negligence in failing to keep a vigilant lookout and also in entering the intersection when it should have been apparent to him that a collision would ensue. The trial court also found for the defendant upon plaintiff's pleaded theory of humanitarian negligence. Plaintiff appeals.

■ It is first necessary that we dispose of two preliminary matters. The first of these arises from the fact that we took with this case defendant's motion to dismiss this appeal on the grounds plaintiff failed to comply with Civil Rule 83.05(c), V.A.M.R. That motion is now for our decision. Defendant contends the "Statement of Facts" contained in plaintiff's brief is not "The fair and concise statement of the facts * * * in the form of a statement of the facts relevant to the questions presented for determination. * * *", but consists merely of setting forth some, not all, of the answers given by certain of the witnesses to questions propounded by counsel. As such, defendant urges that plaintiff's effort does not even constitute "* * * a statement of testimony of each witness relevant to the points presented, * * *" which is permitted under the rule providing that such a statement follows a narrative statement of the facts.

While the statement of facts found in that portion of the brief is not in the proper form, the brief does contain a proper statement of facts albeit in the wrong portion of the brief. Had the statement of facts found in plaintiff's brief been violative of the rule, that fact, coupled with its improper placement, would have weighed heavily in favor of dismissal. As the matter now stands, all that is before us is a brief wherein the statement of facts has been improperly placed. This error is not sufficiently grave to require dismissal. Defendant's motion is overruled.

■ The second of these preliminary matters has to do with the rules of review in appeals from jury waived civil matters. These rules are too well known to require restatement. Plaintiff's contention is that while we must view the evidence in the light most favorable to the defendant when considering whether or not plaintiff was contributorially negligent, we must then reverse ourselves and view that same evidence in the light most favorable to the plaintiff when considering plaintiff's contention he was entitled to a verdict upon one or more of his pleaded allegations of humanitarian negligence. In stating this allegation of error the plaintiff cleverly words it in the following manner: *"The Court erred in finding that plaintiff failed to make a submissible case under the humanitarian doctrine."* He then seizes upon the words "submissible case" and proceeds to argue that the evidence on that issue should be viewed in the light most favorable to the plaintiff. The fallacy in this argument is that plaintiff's counsel misunderstands the trial court's ruling. The actual judgment entered by the trial court was: "This cause

having been tried, submitted and taken under advisement, the Court finds the issues in favor of the defendant, and it is ordered and adjudged that the plaintiff take nothing by his petition, and the defendant is discharged, with his costs. * * *." Since the trial court found "* * * the issues in favor of the defendant, * * *" it is obvious that it found the facts in accordance with that result; that is to say, it believed the defendant's version of the facts. Our review of an appeal of this nature is de novo and we are to make our own findings of fact although we are given the privilege of deferring to the trial court's superior opportunity to judge the credibility of the witnesses upon matters involving disputed testimony. In the instant case we come out with the same result regardless of which road we follow. The facts must be stated in the light most favorable to the defendant regardless of whether we do so because he was the prevailing party in the trial court or whether we do so because arriving at our own conclusion of facts, after granting deference to the trial court on issues involving the credibility of witnesses, we believe the facts to be in accordance with the defendant's evidence. Since the defendant was the prevailing party and because we do believe the defendant's evidence, the facts will be stated in the light most favorable to the defendant.

The facts pertinent to this appeal are that on the occasion of this collision plaintiff was driving eastwardly in the center or slightly to the right of center of Carr Street which is twenty-five feet wide at this point. The defendant was driving northwardly about three feet east of the center of Lindenwood, a street which was fifty feet wide. There were no traffic controls at the intersection of these streets. Both streets were almost level although Carr went slightly downgrade and Lindenwood was slightly upgrade as each approached the intersection. There was a house located on the southwest corner of this intersection which sat back about fifteen feet from each street. Both streets were snow-packed and very slick with ice. The plaintiff's automobile was equipped with snow tires which were several months old. There was no other traffic on either street.

The defendant's speed was twenty miles per hour and the plaintiff was proceeding at about ten miles per hour. Defendant first saw the plaintiff when defendant was about fifty feet from the intersection. Plaintiff was then thirty feet away. The defendant immediately applied his brakes. He began to slide with his wheels locked and slid straight ahead into the intersection, decreasing his speed to about ten miles per hour at the time of impact. The plaintiff testified that when he reached a point ten to twelve feet west of the west curb line of Lindenwood, he looked to his right and saw the defendant. Plaintiff did not apply his brakes or change the course of his automobile and proceeded into the intersection and to the point of impact at the same speed he had been traveling. As the defendant slid, the front of defendant's automobile struck the right rear side of plaintiff's car when the front of that automobile was still five to ten feet from the east side of Lindenwood and when defendant's automobile was ten feet north of the south curb line of Carr Street. After the impact plaintiff's car went forward fifteen or twenty feet on Carr Street and into a telephone pole ten feet east of the east line of Lindenwood.

Defendant contends that a reasonable inference from his evidence supports the trial court's finding the plaintiff was contributorially negligent in failing to keep a vigilant lookout and compels this court to reach the same result. The evidence upon which he relies is that although defendant saw plaintiff when plaintiff was thirty feet back from the intersection, plaintiff's testimony was that he did not see the defendant until the defendant was ten to twelve feet from the intersection. The defendant argues that plaintiff could have seen the defendant when plaintiff was thirty feet back from the intersection had he

looked. We agree with the theory of defendant's argument to the extent of stating that, at the very least, there is nothing in the evidence regarding the house on the southwest corner of this intersection to prevent the trial court from reasonably believing that in spite of its existence these parties were in sight of each other as defendant testified. That is all that is required. The fact the plaintiff entered this intersection first, or that it was apparent to him or to defendant that plaintiff was going to do so, does not excuse plaintiff from his duty to maintain a vigilant lookout while approaching the intersection. Had the plaintiff looked he would have seen the defendant who, at that same instant, applied his brakes so hard his wheels locked and who was sliding toward the intersection. Under those circumstances plaintiff did not have the right to assume the defendant would yield the right-of-way. Major v. Davenport, Mo.App., 306 S.W.2d 626 (3), (4); Downing v. Dixon, Mo., 313 S.W.2d 644 (8).

■ Was plaintiff's contributory negligence a contributing proximate cause of the collision? We believe it was. Plaintiff traveled thirty feet to the west curb line of Lindenwood and twenty-five feet across the west half of that street, a total of fifty-five feet. In addition, defendant was three feet east of the center line. Plaintiff, therefore, traveled fifty-eight feet and, proceeding at ten miles per hour, had he seen the defendant when he should have, and considering his snow tires were only two or three months old, could have stopped or so slowed down within that distance that defendant could have passed through without the impact occurring. Especially is this true when defendant's evidence was that he was able to decrease his own speed by ten miles per hour in a distance of some sixty feet while sliding, and without any evidence as to snow tires or other such special equipment. We hold that under these facts plaintiff's contributory negligence in failing to keep a vigilant lookout was a contributing proximate cause of the collision. That being so, it is unnecessary to decide whether plaintiff was also contributorily negligent in entering the intersection when it should have been apparent to him that a collision would ensue. It follows that plaintiff's first allegation of prejudicial error is without merit.

■ The plaintiff alleged defendant's humanitarian negligence in that defendant failed to stop or swerve or slacken speed or warn. The basic fact upon which imposition of the humanitarian doctrine rests is the position of immediate danger ("eminent peril" prior to M.A.I.). The immediate danger must be certain and impending, and the mere likelihood or bare possibility that a collision will occur is not sufficient. See Crockwell v. Oldani, 401 S.W.2d 701, opinion of this court filed December 20, 1966. Was that the situation when the defendant first saw the plaintiff thirty feet back from the west curb line of Lindenwood? It might be argued that it was and in support therefor the defendant's action in immediately putting on his brakes is cited as evidence defendant was then aware that plaintiff intended to proceed at an undiminished rate of speed directly across his path. Upon more mature reflection the fallacy inherent in this argument becomes apparent. Defendant's action in immediately applying his brakes upon viewing the plaintiff is at least as indicative of ordinary caution as it is evidence of defendant's knowledge plaintiff was then in a position of immediate danger. Defendant's action in applying his brakes could have been taken as a precaution even though, at the same time, he reasonably could have expected the plaintiff to bring his automobile, then proceeding at a rate of ten miles per hour, to a stop before it traveled the fifty-eight feet necessary to reach defendant's path. At least defendant's action taken upon first seeing the plaintiff is as susceptible to that interpretation as it is to the interpretation it showed that defendant then knew plaintiff was in a position of immediate danger. It being possible to draw two different inferences of equal strength, defendant's ac-

tion cannot be taken as proof plaintiff was in a position of immediate danger when he was thirty feet back from the intersection.

Under the factual situation presented in this case we believe the plaintiff first came in a position of immediate danger when he entered the intersection. This for the reason that prior to that time the plaintiff was proceeding at such a speed and was such a distance from defendant's path that defendant could reasonably expect him to bring his automobile to a halt prior to entering that path. Thus the necessary element of notice of plaintiff's immediate danger is not present prior to plaintiff's entering the intersection. Could the defendant thereafter have avoided the collision with the means at hand and without injury to himself or others, and by acting as plaintiff alleges he should have acted? There was no evidence defendant could have stopped short of plaintiff's automobile. His testimony was that he didn't know how far it would take to stop and it is undisputed that his brakes were on so hard that they locked. His brakes had been applied in this fashion ever since he first saw the defendant and yet he could not stop. The same evidence negates any possibility the defendant could have slackened his speed so as to have avoided the collision. Once he put his brakes on as hard as he could, he kept them that way until the time of the collision. With regard to swerving, the petition alleges that the defendant should have turned his automobile "aside", although it does not state which direction he should have turned. If he turned to the right he would have hit the plaintiff's automobile more nearly toward the center or front and so plaintiff cannot realistically make any contention as to failure to swerve to the right. Swerving to the left might have avoided the collision but the defendant was sliding from the time he put on his brakes until the moment of impact. It

begs credulity, and there is no evidence from which it could be inferred that, while his brakes were on so hard they locked and his automobile was sliding, the defendant still could have swerved it to the left. If he had swerved to the left immediately upon seeing the plaintiff we are left to speculation and conjecture as to whether the impact could have been avoided, and, in fact, the stronger inference from the evidence is that it still would have taken place albeit in the west half of Lindenwood Street.

We come then to the last pleaded ground of humanitarian negligence; i. e., failure to warn. The evidence is clear that a warning would have served no purpose. The plaintiff's testimony was that when he was twelve feet back from the intersection he saw the defendant. Had the defendant sounded his horn when the plaintiff first came into a position of immediate danger it would not have given the plaintiff any additional knowledge as, at that time, plaintiff had seen the defendant and so possessed all the knowledge of defendant's approach a warning could have brought him. Moreover, he had possessed that knowledge during the slightly less than one second in time it took him to travel from a position twelve feet west of the intersection to the position of immediate danger at the west curb line of Lindenwood. It follows that failure to warn could not have been the proximate cause of this collision and plaintiff's second allegation of prejudicial error is without merit.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.