Mary E. **HOWE**, Plaintiff-Respondent,

v.

Edward **BOWMAN**, Defendant-Appellant.

No. 24919.

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Edward W. Mullen, D. Lee McMaster, Deacy & Deacy, Kansas City, for appellant.

Gordon N. Myerson, Kansas City, Sprinkle, Carter, Sprinkle, Larson & Hanna, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

The automobile collision involved here occurred about 7:30 a.m. on December 30, 1965, in the intersection of Booth Street and 45th Avenue, Kansas City, Kansas. Booth runs north and south and 45th, east and west. Traffic at the intersection was not regulated by either stop signs or lights. It was a dark and cloudy day. Plaintiff was traveling north on Booth alone, in her 1965 Chevrolet, and defendant, alone in his 1965 Corvair, was proceeding west on 45th Street. No witnesses testified at the trial except the plaintiff and the defendant.

The evidence was that the right side extreme front of the Chevrolet came in contact with the left front of the Corvair. Plaintiff's vehicle came to rest in a yard northwest of the intersection, and defendant's near the west curb of Booth, but north of the intersection. Each driver claimed to have approached the intersection at from 20 to 25 miles per hour. Plaintiff said her vehicle was in the intersection first and defendant said his entered first. The testimony was that when each car was approximately 75 feet from the crossing, an occupant could see about 75 feet down the intersecting street. Mrs. Howe said she was bruised, and that her back and neck hurt, but she visited no doctor.

Plaintiff sued for $100 property damage and $2500 personal injuries. She submitted her case on (1) failure to keep a careful lookout; (2) excessive speed; (3) failure to sound horn, and (4) failure to yield the right of way. The defense was that there was no negligence proved against defendant and that plaintiff was contributorily negligent in failing to keep a lookout. There was a 10 member verdict for the defendant. The trial court sustained plaintiff's motion for new trial and defendant has appealed.

Plaintiff's motion for new trial enumerated five grounds, but all five set forth as error that although Instruction No. 2 submitted failure to yield right of way as a ground for recovery, neither this instruction nor any other defined "right of way." We set forth Instruction No. 2 in full:

"INSTRUCTION NO. 2

"Your verdict must be for plaintiff, if you believe:

First, defendant either:
failed to keep a careful lookout, or
drove at an excessive speed, or
failed to yield the right of way, or
failed to sound his horn, and

Second, defendant's conduct, in any one or more of the respects submitted in Paragraph First, was negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage, unless you believe plaintiff is not entitled to recover by reason of Instruction No. 4. MAI 17.02, 17.08 Modified."

Instruction No. 2 incorporates part of MAI 17.02 (Lookout and Excessive Speed) and part of MAI 17.08 (Failure to Yield right of way). In the "Notes on Use" of MAI 17.08, we are told:

"This is an optional submission of negligence which may be used as paragraph First of Verdict Directing 17.01 or as one of the alternate submissions in paragraph First of Verdict Directing 17.02. It may also be used as a submission in Contributory Negligence 28.01 and Wrongful Death 20.01 and 20.02.

"*The appropriate right of way definition must be used in conjunction with this submission.*" (Italics added.)

MAI 14.02 and 14.03 supply the definitions for right of way when (a) two vehicles enter an intersection at approximately the same time and (b) the rule that the vehicle on the right takes precedence.

The case of Wiesemann v. Pavlat, Mo. App., 413 S.W.2d 23, 27, involved a collision between two motor boats on the Lake of the Ozarks. Each party claimed the right of way; the plaintiff, as a foundation for his claim of liability, and the defendant in support of his charge of contributory negligence. The court said:

"Thus, plaintiff relied on his own right of way under the 'starboard side rule' to sustain his claim, and defendant relied on his own right of way under the 'end-on rule' to defeat that claim. Both parties recognized their obligation under MAI 14.01 to define right of way, and each offered his own definition."

In Peak v. W. T. Grant Company, Mo., 409 S.W.2d 58, 60, the Supreme Court en banc ruled unequivocally that the notes on the use of MAI instructions must be followed and specifically that where the issue of agency was presented and MAI in such instance required a definition of agency, that it was reversible error for the plaintiff not to include such definition in his verdict directing instruction. The court said:

"We have concluded that the court committed reversible error in failing to give the jury an instruction containing an appropriate definition upon the issue of agency. The basic theory concerning the use of MAI is that when an approved instruction is applicable it must be given to the exclusion of any other instruction on the same subject. In choosing appropriate instructions and modifications thereof it is essential that attorneys carefully consider the committee comments and follow the directions contained in 'Notes on Use.' As stated at page XXXIV in Vernon's MAI, 'The notes on use following each instruction dictate the circumstances under which the instruction may be used. These must be followed.' Unless those directions are followed the use of the comparatively new MAI procedure cannot be successful. In this instance the directions were not followed, as it is unequivocally stated under 'Notes on Use' of 18.01 that when agency is submitted the appropriate definition *must* also be submitted."

To the same effect is the holding of the Supreme Court in Chandler v. New Moon Homes, Inc., 418 S.W.2d 130, 138.

■ Plaintiff in her motion for new trial and in her brief and argument in this court contends that Instruction No. 2, presenting the issue of right of way without a definition of "right of way" does not meet the requirements of MAI and is an incomplete and improper instruction. We agree. However, plaintiff says additionally that it was the duty of the defendant and of the trial court to have presented and given an instruction defining right of way and that it was not the sole responsibility of plaintiff to do so. We are unable to agree with this last contention.

■ In Zalle v. Underwood, Mo.Sup., 372 S.W.2d 98, 103, it was squarely held there was no duty upon a party to correct an erroneous instruction of his opponent.

In Leatham v. Longenecker, Jr., Mo. Sup., 405 S.W.2d 873, 876, the Supreme Court reiterated what is, we think, a rather generally understood rule by stating: "Plaintiffs, of course, cannot complain here about the instruction given on their behalf and at their request."

■ Instruction No. 2 was plaintiff's verdict directing instruction. One of its submissions of negligence was failure to yield the right of way. MAI specifically requires that when such a submission is made, it be accompanied with a definition of "right of way." The Supreme Court in numerous decisions has required compliance with MAI. It was plaintiff's obligation to submit such a definition in her in-

**342**

struction. To say that it was equally the duty of plaintiff, defendant and the court, would lead to an absurd result. What is everybody's business, is nobody's business. In that situation, regardless of which party submitted the incomplete instruction, whichever litigant lost, would be able to claim error and gain a new trial. We hold that the specific directions contained in MAI and in the "Notes on Use" must be followed. We further rule that when the issue of failure to yield right of way is submitted, the MAI instruction defining "right of way" must also be submitted. We hold further that this duty rests upon the plaintiff insofar as plaintiff's main and verdict directing instruction is concerned.

■ Defendant's contributory negligence instruction presented only the issue of failure to keep a lookout and therefore needed no definition of right of way. Inasmuch as plaintiff's motion for new trial was based entirely upon the failure to give the jury a definition of "right of way" and since the trial court sustained the motion on this ground alone, we must hold that the trial court erred in granting plaintiff a new trial.

■ One of the assignments made by defendant on appeal is that the evidence showed plaintiff to be guilty of contributory negligence as a matter of law. It is really unnecessary to go into that theory in detail. We think the evidence adduced by plaintiff was sufficient to make the question of contributory negligence a jury case.

The defendant presents one other question on appeal. The motion for new trial was filed on June 9, 1967. On the 89th day thereafter (September 6, 1967) the court entered an order sustaining plaintiff's new trial motion "on all points" and mailed a letter to the parties, advising them of such action, which letter in normal course was received by the parties on the 90th day. Defendant contends it was error for the trial court to sustain this motion for new trial without giving him any notice that action was to be taken on it and without giving him an opportunity to be heard upon the propriety of granting the motion for new trial. We quote from an opinion by the Supreme Court in the case of Hewitt et al. v. Chicago, Burlington & Quincy R. R. Co., 426 S.W.2d 27, 29. In that case the trial court made an order granting a new trial. The court said:

"There is nothing in the record to show any notice was given to plaintiffs before the order of September 28th was made and plaintiffs claim none was given. We can only construe the reference to notification in this order as meaning the parties were notified it had been made. Therefore, on authority of Albert J. Hoppe, Inc. v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846, we must hold this order invalid."

■ In the Hoppe case just referred to it was ruled that even though a trial court may grant a new trial, on its own motion within 30 days after judgment, it could not do so without reasonable notice to the parties and without giving them an opportunity to be heard as to the propriety of the order. We believe that the defendant was entitled to have notice that plaintiff's motion for new trial would be taken up so that defendant might be heard as to the propriety of sustaining that motion.

For the error in Instruction No. 2 in failing to define right of way and for the failure to give defendant reasonable notice that the motion for new trial was to be taken up when it was taken up, we set aside the order of the trial court granting plaintiff a new trial and remand the cause with directions to reinstate the judgment for defendant.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.