Louise L. DOOLIN and H. J. Doolin,
Plaintiffs-Appellants,

v.

Donna J. SWAIN and Blue Ridge
Shopping Center, Inc.,
Defendants-Respondents.

No. 58798.

Supreme Court of Missouri,
En Banc.

June 9, 1975.

Rehearing Denied July 14, 1975.

Herman M. Swafford, and Thomas K. Thompson, Kansas City, for plaintiffs-appellants.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Wells, Kansas City, for defendant-respondent Donna J. Swain.

John R. Gibson, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for defendant-respondent Blue Ridge Shopping Center, Inc.

SEILER, Judge.

This is an action for damages for personal injuries and loss of consortium stemming from the intersection collision on October 17, 1969, of a car operated by plaintiff, Louise L. Doolin, and one operated by defendant, Donna J. Swain, which occurred upon the privately owned parking area of defendant, Blue Ridge Shopping Center, Inc. A jury returned a verdict for both defendants. On appeal to the court of appeals, Kansas City district, the judgment in favor of defendant Blue Ridge Shopping Center was affirmed, while the judgment in favor of defendant Donna J. Swain was reversed and remanded for new trial.

The case was ordered transferred here by this court on application of defendant Swain largely because of statewide interest in whether the statutory rules of the road as to right-of-way apply to motorists driving on parking areas of large shopping centers. We hold they do not.

Blue Ridge's parking area surrounds a shopping center bounded by I-70 on the north, Blue Ridge Boulevard on the east, and 43rd Street on the south. Vermont Street runs south from 43rd Street near the central entrance-exit of the parking area. Mrs. Doolin had parked on the south side of the area near that exit about 2:00 p. m., prior to the time she did her shopping.

The shopping center had a sizeable expanse of level paved parking area. While the record does not disclose the number of acres in the parking area, it necessarily was several, because the plot plan has marked parking spaces for more than four thousand vehicles. The parking spaces were marked by painted stripes in regular alignment for vehicles to be parked side by side, thus forming a long straight row of parked vehicles with an open street-like area or aisle approximately 24 feet in width between each row for use in driving to or leaving the parking places. The parking areas were numbered. Each had a pedestal type sign at the entrance directing the way to turn for parking. There were other street-like areas, at right angles to the parking area lanes mentioned above, for traffic across the shopping center area. These streets had names (Tower Entry Road, East Drive, Sterling Drive, etc.) and enabled shoppers to drive to a particular store area and then turn off to a convenient parking space. Finally, there was a perimeter or ring street, about 30–35 feet wide, circling the area, used by traffic to enter or leave the center. At many of the street intersections there were "stop" signs painted on the pavement. In general, there was a "stop" sign on the pavement at all exits from a parking area onto one of the named streets. Most of the roadway areas had yellow middle lines. There were also "yield" signs and "keep right" signs, "15 miles per hour" signs and "private property" signs at various locations.

The collision occurred in an intersection near the south exit of the parking lot as Mrs. Doolin was leaving upon completion of her shopping. Mrs. Doolin was driving south, in the north-south roadway between parking areas 75 and 76, between two rows of parked cars, approaching the perimeter road, South Ring Road. Miss Swain was driving west on the perimeter road, approaching the intersection formed by the perimeter road and the parking roadway. Mrs. Doolin said there was no stop sign painted on her road protecting the intersection. The evidence of the defendants was

to the contrary. Mrs. Doolin was first into the intersection, traveling three to five miles per hour. Miss Swain's car, traveling ten miles per hour, struck Mrs. Doolin's car at the driver's door. The first claim of error is the giving of defendants' instruction No. 7 on the subject of Mrs. Doolin's contributory negligence in failing to keep a careful lookout. Plaintiffs contend there was no substantial evidence to support the instruction.

■ While the court of appeals set forth the evidence on the lookout issue in some detail, the main point of interest now concerns the statutory rules of the road as to right-of-way and the extent of their applicability to shopping centers, and as we see no precedential value in the lookout question, we believe it suffices to say that this being an intersection collision with Mrs. Doolin going south at three to five miles per hour and Miss Swain west at ten miles per hour, with level terrain and no obstruction to view except for whatever vehicles were parked to Mrs. Doolin's left as she approached the intersection and with her admission that she never saw defendant's vehicle until it was only three car lengths away, there is no doubt there was submissible issue of contributory negligence on lookout and we agree with the court of appeal's conclusion that Mrs. Doolin by exercise of appropriate care would have seen Miss Swain's approach in time to have stopped short of the collision and thereby avoid it. Commerford v. Kreitler, 462 S.W.2d 726, 729, 731 (Mo.1971); Allen v. Bi-State Development Agency, 452 S.W.2d 288, 290, 291 (Mo.App.1970); Dixon v. Kinker, 410 S.W.2d 347, 350, 351 (Mo.App.1966).

■ Turning to the right-of-way problem, we note first that among the charges of negligence made against defendant Swain by plaintiffs, one was that defendant Swain "failed to yield the right-of-way to plaintiff who had already entered the intersection where the accident occurred." This is an allegation of common law right-of-way.[1] Wilson v. Toliver, 365 Mo. 640, 285 S.W.2d 575, 580 (1955). Defendant in her answer made various charges of contributory negligence against Mrs. Doolin, including the charge that plaintiff "failed to yield the right of way by disregarding a stop sign which required that plaintiff Louise Doolin stop and yield the right of way to the automobile being driven by" defendant. This is an allegation of statutory right-of-way. Sec. 304.351, subd. 4, RSMo 1969, V.A.M.S. The answer of defendant Blue Ridge alleged contributory negligence of plaintiff in general terms.

■ From the outset, one of the contested issues in the case was right-of-way. Plaintiff took the position that there was no stop sign against her at the intersection in question, that the shopping center had been doing some resurfacing and if there had been a stop sign there, it had become obliterated. Defendant Swain took the position that the perimeter road on which she was driving west was a through street protected by a stop sign painted on the pavement against Mrs. Doolin as the latter proceeded south; that the defendant Swain knew she (Swain) was on a through street and expected cars coming onto it to stop before doing so. Defendant Blue Ridge Shopping Center took the position there was a stop sign against Mrs. Doolin and that she drove out into the intersection in front of Miss Swain without stopping.

Mrs. Doolin and her husband submitted their claims in Instruction Nos. 2 and 3,

---

1. This is also about the same as right-of-way at an uncontrolled intersection as set forth in Sec. 304.351, subd. 1, RSMo 1969, V.A.M.S., an example where the statutory rule does not establish a standard higher than the common law standard. In such an in-

stance the statutory rule is not preclusive of common law negligence. Rooney v. Lloyd Metal Products Co., 458 S.W.2d 561, 569 (Mo.1970); Gooch v. Avsco, Inc., 337 S.W.2d 245, 251 (Mo.App.1960).

which except for the names of the parties, were identical, reading as follows:

"Your verdict must be for plaintiff, Louise Doolin, against defendant, Donna Swain, if you believe:

"First, That defendant Donna Swain, either

Failed to yield the right-of-way as submitted in Instruction No. 6, or

Drove at an excessive speed in approaching an uncontrolled intersection where the visibility to her right in order to see other approaching vehicles was greatly reduced and restricted.

Second, Defendant Donna Swain's conduct, in any one or more of the respects submitted in paragraph First was negligent . . .", etc.

Plaintiffs asked the court to give a right-of-way definition which would have been in accord with the common law on the subject as follows:

"The phrase 'right-of-way', as used in these instructions, means the right of one vehicle to proceed ahead of the other.

"When two vehicles do not reach an intersection at approximately the same time, the vehicle which enters the intersection first has the right-of-way provided a very careful person would so proceed under the same or similar circumstances." [2]

Instead, the court over plaintiffs' objection, modified the tendered instruction by adding a final paragraph providing as follows:

"When a vehicle is about to enter a through highway from an intersecting road and another vehicle on the through highway is so close as to constitute an immediate hazard, the vehicle on the through highway has the right-of-way provided a very careful person would so proceed under the same or similar circumstances."

This was prejudicial error because the final paragraph is based on the statutory rule of the road relating to intersections as set forth in Sec. 304.351, RSMo 1969, V.A.M.S. This statute gives the state highway commission, with reference to state highways, and local authorities with reference to other highways, authority to designate through highways and erect stop or yield signs at entrances thereto. When this is done the driver is required to stop before entering such an intersection and after having stopped, must yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard.

This statutory right-of-way rule does not apply to the shopping center because it is private property, and the rules of the road apply only to public highways and private ways which are used as highways, City of Clayton v. Nemours, 353 Mo. 61, 182 S.W.2d 57 (1944); State ex rel. Audrain County v. City of Mexico, 355 Mo. 612, 197 S.W.2d 301 (1946); Sec. 304.025, RSMo 1969, V.A.M.S.; 40 C.J.S. Highways § 236b, p. 256; 60A C.J.S. Motor Vehicles § 349(1), pp. 465 et seq.; 7 Am.Jur.2d Automobiles, Sec. 169, p. 723.

While it is true that the shopping center in question is used by thousands of automobiles, it is not correct to say that it thereby becomes public property or that operators of motor vehicles are as free to travel upon it as they are the public streets and highways which surround the parking center. Although many members of the public drive motor vehicles on the parking center, it is not thereby being used as a public road. The public is welcome to come on the property, but not to use it for travel

---

**2.** To fit the common law standard, the instruction should read "[provided] a reasonably prudent person would [so proceed] under the same or similar circumstances." Welp v. Bogy, 320 Mo. 672, 8 S.W.2d 599, 600 (1928).

as they would a highway. We have found only two Missouri cases where collisions occurred entirely on a privately owned parking lot, and neither of those involved the application of the statutory rules of the road, Kimmich v. Berry, 319 S.W.2d 546 (Mo.1959); Feldman v. Lewis, 338 S.W.2d 364 (Mo.App.1960). We note also that the parties agree the required standard of care here is ordinary care; Sec. 304.010, RSMo 1969, V.A.M.S., requires the "highest degree of care" for persons operating motor vehicles on the highways.

■ Any other conclusion would lead to highly questionable results. If the statutory rules of the road as to right-of-way apply to private property such as a shopping center parking lot, then stop signs or other traffic directing signs erected by the owners of said public property would have the same force and effect as signs erected by the state highway commission or by the local municipality, despite the fact the state highway commission or the municipality have no authority to enter upon private property and erect such signs. Furthermore, violation of state highway or municipally erected stop and yield signs constitutes a misdemeanor, Secs. 304.361 and 304.570 RSMo 1969, V.A.M.S., and may be negligence per se, Lincoln v. Railway Express Agency, Inc., 359 S.W.2d 759 (Mo. 1962) and MacArthur v. Gendron, 312 S.W.2d 146 (Mo.App.1958). Violation of a privately erected traffic sign, however, could not be considered a misdemeanor or negligence per se. Private property owners have no authority to exercise the police power of the state in this fashion. For that reason, until such time as the legislature in its wisdom sees fit to enact statutes which make the rules of the road applicable to parking areas on shopping centers, the liability of a motorist with respect to collisions which occur thereon must be governed by the common law rules.

■ We hold, then, that it was prejudicial error to submit the statutory right-of-way definition instruction in this case. We do not mean to say, however, that on retrial the presence, location, and visibility of the stop sign is necessarily irrelevant or inadmissible. The common law right-of-way rule given in the first paragraph of instruction No. 6 is not an absolute right-of-way; the vehicle entering the intersection first has the right-of-way, provided a reasonably prudent person would so proceed under the same or similar circumstances.[3] If plaintiff submits on common law right-of-way along with its definition, and if defendant were to converse the issue of whether defendant failed to yield the right-of-way, then depending on the evidence, defendant could be in a position to argue that a careful person would not have proceeded into the intersection without first stopping even though otherwise her vehicle would have arrived there first. It could not be argued, however, that failure to obey the stop sign was the equivalent of disregarding an official stop sign.

The ultimate fact issue remains whether or not defendant yielded the right-of-way as defined by the common law right-of-way instruction, and argument of the evidentiary detail concerning the surrounding circumstances would be germane to that issue. One of the primary goals of Missouri Approved Instructions practice is, of course, to leave the evidentiary detail to argument and submit only the ultimate issues to the jury, Missouri Approved Jury Instructions,

---

3. See Wilson v. Toliver, supra, 285 S.W.2d l.c. 580: "Absent statute or ordinance regulation of vehicle traffic at highway intersections, the vehicle first reaching and entering the intersection has the right of way over a vehicle subsequently reaching the intersection unless the situation would indicate to a reasonably prudent man that to proceed would probably result in a collision . ."

1963 Report to the Supreme Court, pp. xxii–xxiv (2d ed. 1969); 20 J. of Mo.Bar. 53, 58 (1964).

As held above, there was sufficient evidence to submit plaintiff's contributory negligence in regard to lookout. The error in the giving of instruction No. 6 was referable only to plaintiffs' claims against Miss Swain. The claimed negligence against Blue Ridge was its sealing over of the stop sign, or allowing it to wear, and failing to maintain a pre-existing sign, which asserted negligence and had nothing to do with plaintiffs' claims against defendant Swain. The jury's finding in favor of Blue Ridge was either upon the basis that it was not negligent or that Mrs. Doolin was contributorily negligent with respect to lookout, which latter proposition is the sole assignment of error advanced by plaintiff as to Blue Ridge. Therefore, the judgment for Blue Ridge should be affirmed. There is thus no necessity to rule its claim that its alleged negligence was not the proximate cause of Mrs. Doolin's injuries nor to consider appellants' other points.

The judgment in favor of Blue Ridge Shopping Center, Inc., is affirmed. Its motion to be dismissed from this appeal, taken with the case, is overruled. The judgment in favor of Donna J. Swain is reversed and the cause remanded for a new trial as to her.

All of the Judges concur.