David HLADYSHEWSKI, Appellant,

v.

Steve ROBINSON, Appellee.

No. 76–1781.

United States Court of Appeals, Eighth Circuit.

Submitted July 8, 1977.

Decided July 12, 1977.

---

Elmer C. Oberhellman, St. Louis, Mo., filed brief for appellant.

William L. Davis, St. Louis, Mo., filed brief for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

On September 22, 1974, plaintiff David Hladyshewski was injured when the motorcycle he was riding collided with a van driven by defendant Steve Robinson. The accident occurred on a dirt road in a wooded area of the Ringo Springs Ranch, a resort where plaintiff was employed. Plaintiff filed this action in the District Court on November 25, 1975, seeking $125,000 damages against defendant and the Ringo Springs Ranch. Ringo Springs Ranch was subsequently dropped as a party defendant. Jurisdiction was based on diversity of citizenship. Missouri law governs this controversy.

At trial, plaintiff testified about the accident and a physician testified as to plaintiff's injuries. At the close of plaintiff's evidence, the court granted defendant's motion for a directed verdict. Plaintiff timely appealed, and alleges that the District Court erred in directing a verdict in favor of defendant. We reverse and remand the cause for a new trial.

In reviewing the granting of a directed verdict, we are governed by certain well-established principles. Under both federal and Missouri law, the standard for granting a motion for a directed verdict is the same. *Savage v. Christian Hospital Northwest,* 543 F.2d 44, 46 (8th Cir. 1976). A verdict is properly directed "only when the evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict." *Id., quoting Meitz v. Garrison,* 413 F.2d 895, 896 (8th Cir. 1969). In reviewing the evidence, the District Court must view the evidence in the light most favorable to the nonmoving party and must give him the benefit of all inferences in his favor reasonably to be drawn from the evidence. *Kennedy v. U. S. Construction Co.,* 545 F.2d 81, 82 (8th Cir. 1976).

Although the District Court did not express its reasons for granting the motion

for a directed verdict, it appears that the court concluded either that plaintiff's evidence failed to make a submissible case of defendant's negligence or that plaintiff's evidence showed that plaintiff was contributorily negligent as a matter of law. We examine each proposition in turn.

### Defendant's Negligence

Plaintiff's evidence regarding the accident may be summarized as follows:

The accident occurred on a dirt road on the Ringo Springs Ranch. Plaintiff testified that the road is about 14 feet wide, including a gravel shoulder which can be driven upon. He also testified that it was common for cars, vans and motorcycles going in opposite directions to pass each other on the road. Exhibits introduced by plaintiff show a sign posted on a tree near the scene of the mishap which reads, "Two Way Traffic." Plaintiff did not know, however, whether the sign was posted before or after the accident.

On the day in question, plaintiff ate lunch and consumed one beer with his meal. He and a Shawn Regan started their motorcycles and proceeded down the road at speeds of about 25 m. p. h. They were riding side by side on the right half of the road. They approached an S-shaped curve in a densely wooded area of the ranch. Plaintiff pulled in front of Regan and slackened his speed as he approached the turn. Plaintiff estimated his speed at 15–20 m. p. h. when he saw defendant's van approaching at a distance of about 40 feet. The van was moving at the time, but slowed down and may even have been stopped at the time of collision. The van was about 6 feet wide and when plaintiff first saw it, the van's left front wheel was three or four feet over the center of the road. The van did not veer to its right, although there were three or four feet of space on that side. Plaintiff applied his brakes and veered to his right. He struck the van at a speed of about 10–15 m. p. h. and was thrown from his bike.

It is apparent that plaintiff's only allegation of negligence having any support in the record is his contention that defendant negligently drove his van partially on the wrong side of the road. The parties raise a number of issues with regard to this allegedly negligent conduct. For purposes of analysis, however, the problem may be broken down into three questions: (1) may a submission of negligence be predicated on driving on the wrong side of a private road?; (2) if so, was there sufficient evidence for a jury to find that defendant was on the wrong side of the road?; and (3) could the court have found, as a matter of law, that defendant was not negligent because there was sufficient excuse or justification for driving on the wrong side of the road?

■ (1) Section 304.015, Mo.Rev.Stat., requires that automobiles be operated on the right-hand side of the highway. Violation of this statute may be negligence per se, *Foster v. Sacco*, 343 S.W.2d 171, 176 (Mo. App.1960), although there are instances when a violation of the statute may be excused. *See Calvert v. Super Propane Corp.*, 400 S.W.2d 133, 137–38 (Mo.1966).

■ It is questionable whether this statute applies to the instant case,[1] but even assuming that the statute does not apply,

---

1. Section 304.025, Mo.Rev.Stat., defines "highway" as "any public road or thoroughfare for vehicles . . . ." In *Doolin v. Swain*, 524 S.W.2d 877, 880 (Mo.1975), the court held that statutory rules of the road do not apply to private property, but apply "only to public highways and private ways which are used as highways." The court then held that a shopping center parking lot was not "used as a highway" even though the public was free to, and often did, drive on the lot.

In the instant case, it is conceded that the road is not a public highway. Plaintiff contends, however, that it is "used as a highway." The evidence in the record is not entirely clear on this point, but it appears the road begins near the ranch entrance and goes into a wooded area on the ranch, branching off into a number of trails. It does not appear that the road goes beyond the ranch, nor does it appear that persons other than visitors or employees of the ranch use the road.

driving on the left-hand side of the center of the road might, in the circumstances, constitute a failure to exercise ordinary care, the standard of care which applies to driving on private property. *Doolin v. Swain,* 524 S.W.2d 877, 881 (Mo.1975). The parties do not cite, and our research has not disclosed, any Missouri case dealing directly with this issue. The general rule in jurisdictions which have considered the question, however, is that the custom of driving on the right side of the road establishes a standard of care which may be required of drivers on private premises. *See Altomare v. Hunt,* 101 Cal.App.2d 10, 224 P.2d 904 (1950); *Eastern Contractors, Inc. v. Zinkand,* 199 Md. 250, 86 A.2d 492 (1952); *La Posta v. Himmer,* 358 Pa. 69, 55 A.2d 751 (1947); *Wentz v. T. E. Connolly, Inc.,* 45 Wash.2d 127, 273 P.2d 485 (1954); *Petersen v. Jensen,* 236 Wis. 292, 295 N.W. 30 (1940); 60A C.J.S. *Motor Vehicles* § 349(1) (1969); 4 D. Blashfield, Automobile Law and Practice § 181.1 at 516–17 (3d ed. 1965). We conclude that a submission of negligence can be predicated on driving on the wrong side of a private road.

■ (2) Plaintiff testified that the road in question was 14 feet wide, that defendant's van was about 3 feet over the center of the road, and that there were about 3–4 feet of space to the van's right at the time of the accident. Taking this evidence as true, there was sufficient evidence for a jury to find that defendant was driving partially on the wrong side of the road.

(3) Driving on the wrong side of the road is not always negligence as a matter of law in Missouri. There may be circumstances or conditions which excuse noncompliance with the rule. *See Calvert v. Super Propane Corp., supra.* Defendant contends that certain of plaintiff's photographic exhibits show that the road was too narrow for two-way traffic and that he was thus excused from driving solely upon the right side. Although these exhibits do indicate that the road was narrow, the camera angle and shadows make it difficult to determine the width of the road. We cannot say that these exhibits were of such probative value

as to discredit wholly plaintiff's testimony as to the position of the van in relation to the road at the time of the accident.

Based upon the foregoing, we conclude that plaintiff did adduce evidence sufficient to create a jury question as to whether defendant was negligently driving on the wrong side of the road at the time of the accident.

### Plaintiff's Contributory Negligence

Defendant contends that plaintiff was contributorily negligent as a matter of law because he violated a speed limit sign and rode his motorcycle in an unauthorized area of the ranch.

At the entrance to the ranch, there is a privately-posted sign showing the speed limit at 15 m. p. h. This sign is several hundred yards from the point of the collision. Plaintiff testified that 15 m. p. h. is not a generally accepted speed limit within the campsite area, and that most people drive back of the campground (the general area where the accident occurred) at speeds in the neighborhood of 20–25 m. p. h. He also testified that he was traveling at 15–20 m. p. h. when he first saw defendant's van and at 10–15 m. p. h. at the time of the collision.

There was also a sign on the wall of a general store which listed the rules at the ranch. One of the rules was, "bikes must be pushed to starting area." It is clear that plaintiff had not yet reached a starting area when he started his bike. It is not clear, however, whether he had reached a starting area at the time of the mishap. Plaintiff testified that the reason for this rule was to avoid disturbing nature-loving campers near the main campsite by the noise of starting motorcycles. He also testified that he had often driven his motorcycle on that road before and that other motorcycles were driven on that road. He further testified that the rule regarding starting areas was not strictly enforced.

■ At the outset, it should be made clear that the evidence would not justify a finding that plaintiff was per se contributorily negligent. While in certain circum-

stances, violating a traffic statute or ordinance may be negligence per se, *see Lincoln v. Railway Express Agency, Inc.*, 359 S.W.2d 759, 765 (Mo.1962); *Rowe v. Kansas City Public Service Co.*, 241 Mo.App. 1225, 1231, 248 S.W.2d 445, 448 (1952), the Missouri Supreme Court has said that,

> Violation of a privately erected traffic sign, however, could not be considered a misdemeanor or negligence per se. Private property owners have no authority to exercise the police power of the state in this fashion.

*Doolin v. Swain, supra*, 524 S.W.2d at 881. Because the speed limit sign and the "starting area" sign were erected by a private property owner, a violation of them would not give rise to a finding of negligence per se.[2]

■ Accordingly, since we cannot say on this record that reasonable minds could not differ on the outcome, we reverse the judgment of the District Court and remand the cause for a new trial.[3]

---

**2.** The court in *Doolin v. Swain* did not, however, say that privately erected signs have no bearing on the issue of negligence:

> We do not mean to say, however, that on retrial the presence, location, and visibility of the stop signs is necessarily irrelevant or inadmissible.

*Id.*, 524 S.W.2d at 881. Therefore, the existence of the signs in the instant case could have a bearing on the reasonableness of plaintiff's conduct.

The signs would not be the sole factors to consider. There was uncontroverted testimony that the usual speed in the area behind the campground was 20–25 m. p. h. and that motorcycles were ridden on the road in question. This evidence is sufficient to create a question about plaintiff's contributory negligence upon which reasonable minds could differ. Thus plaintiff's conduct could not be deemed contributory negligence as a matter of law. *See, e. g., Meitz v. Garrison*, 413 F.2d 895, 898 (8th Cir. 1969); *Hobbs v. Renick*, 304 F.2d 856, 859–60 (8th Cir. 1962); *Dalby v. Hercules, Inc.*, 458 S.W.2d 274, 278 (Mo.1970); *Penberthy v. Penberthy*, 505 S.W.2d 122, 127 (Mo.App.1973).

Defendant makes two other arguments in relation to his charge of contributory negligence. First, he asserts that plaintiff was contributorily negligent because he failed to keep a careful lookout. Second, he contends that the nature and extent of plaintiff's injuries are such as to allow an inference that he was traveling much in excess of 20 m. p. h. at the time of the collision. There is simply no evidence in the record before us to support either claim.

**3.** We think it appropriate to state again the view of this Circuit that the preferred practice is to reserve ruling on a motion for a directed verdict until after the verdict in order to " 'avoid a retrial with its resulting delay, trouble and expense and the possibility of a second appeal.' " *Passwaters v. General Motors Corp.*, 454 F.2d 1270, 1272–73 (8th Cir. 1972), *quoting* Judge Sanborn in *Barnett v. Terminal R. Ass'n of St. Louis*, 200 F.2d 893, 896 (8th Cir.), *cert. denied*, 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377 (1953). *Accord, Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 859 n.2 (8th Cir. 1975); *Tiedeman v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 513 F.2d 1267, 1271 n.4 (8th Cir. 1975).