In the ESTATE OF John C.
KIBBE, Deceased,

The FARMERS & TRADERS BANK,
Plaintiff-Appellant,

v.

Barbara H. KIBBE,
Defendant-Respondent.

No. WD 37128.

Missouri Court of Appeals,
Western District.

Feb. 11, 1986.

John W. Inglish, Inglish, Monaco, Riner
& Lockenvitz, California, for plaintiff-appellant.

H. Ralph Gaw, Crews, Gaw & Pyle, Tipton, for defendant-respondent.

Before TURNAGE, P.J., and DIXON and
LOWENSTEIN, JJ.

TURNAGE, Presiding Judge.

The Farmers & Traders Bank filed a petition for discovery of assets in the Estate of John C. Kibbe, pursuant to § 473.-340 RSMo Supp.1984. The court entered judgment finding that Barbara Kibbe, the widow of John, was withholding certain property and had sold other property and entered judgment against her. Thereafter, the court granted Barbara a new trial.

The Bank argues the motion for new trial was not timely filed. The Bank also contends the order granting a new trial cannot stand because the trial court did not give the Bank notice that it was going to take up the motion and failed to grant the Bank a hearing before ruling on the motion. Reversed and remanded.

The petition alleged that the Bank had a claim allowed against the estate of John and further alleged that Barbara was withholding assets listed on Exhibit A to the petition from the estate. The court heard evidence and on November 29, 1984, made a docket entry in which it was stated that judgment was for the Bank and all items listed on Exhibit A to the petition except those sold were to be delivered to the estate by those presently in possession. The court found that Barbara had sold certain property without describing it and found the value of that property to be $7800.

On January 29, 1985, the court entered a formal judgment in which it described the

property owned by John at his death, described the property which had been sold by Barbara and found the value of the property which had been sold to be $7800. The judgment found that Barbara still had in her possession certain law books which were described. The judgment ordered that Barbara deliver to herself as executrix of the estate of John the books which were specifically described and to pay to the estate $7800.

On January 29, 1985, Barbara filed a motion for a new trial and on April 29 the court entered an order granting a new trial.

The Bank first contends that the motion for new trial was not timely filed because the docket entry of November 29 was the judgment and the motion was not filed within 15 days thereafter. The docket entry of November 29 did not describe the property which Barbara still retained in her possession and which she was ordered to deliver to the estate. Section 473.340.1 requires the petition describe the property, if known, which is alleged to be an asset to the estate. Subsection 3 requires the court to direct the delivery of said property to the person or persons entitled to it. In *Edlen v. Tweed*, 295 S.W.2d 397, 402–03[6–11] (Mo.App.1956), the court held that the form of a judgment under the former discovery of assets statute depended upon whether the party convicted of concealing, embezzling or wrongfully withholding personal property still had such property in his possession. The court stated that if such party still had the property, the judgment is for delivery of the property detained. This obviously contemplates a description of the property.

■ The docket entry of November 29 did not describe any property and therefore was incapable of being enforced. The only order which described the property which Barbara was ordered to deliver to the estate was entered on January 29, 1985. Because the docket entry failed to describe the property to be returned and failed to direct any particular person to deliver any property, such entry could not qualify as a judgment. The only judgment which met the requirements of the statutory procedure was entered on January 29, 1985. Thus, the motion for new trial filed within 15 days thereafter was timely.

The Bank further urges that even if the motion were timely the court had no power to grant a new trial because the order purporting to sustain the motion was entered on the 89th day after the entry of judgment without notice to the Bank and without giving the Bank opportunity to be heard.

The procedural facts in this case are virtually identical to those in *Howe v. Bowman*, 429 S.W.2d 339, 342[5] (Mo.App. 1968). In that case this court held on the authority of *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, 235 S.W.2d 347 (Mo. banc 1950), that the defendant was entitled to notice that the motion for new trial would be taken up so that the defendant might be heard as to the propriety of sustaining the motion. Here, the motion was filed and the Bank filed suggestions in opposition but there was no notice given to the Bank that the court was going to take up the motion and rule on it. The first notice the Bank had was that the motion had been sustained. Under the holdings in *Hoppe* and *Howe* the order granting a new trial in this case cannot stand because the trial court failed to give notice to the Bank that the motion was going to be taken up and acted upon.

■ Rule 55.30(c) provides a court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and in opposition. There is no indication that the circuit court in Moniteau County had adopted such a rule. In the absence of a rule or order under 55.30(c) the court was obligated to give the Bank notice and provide opportunity for hearing before it took up the motion for a new trial.

The order granting a new trial is reversed and this cause is remanded with instructions to set aside the order granting

a new trial and to reinstate the judgment entered on January 29, 1985.

All concur.