**Todd STAHLMAN, Appellant,**

v.

**Andrew MAYBERRY, Respondent.**

**No. ED 92654.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 27, 2009.

---

Frederick H. Schwetye, Union, MO, for Appellant.

Michael Gerard Beck, Brentwood, MO, for Respondent.

ROY L. RICHTER, Judge.

Todd Stahlman ("Stahlman") appeals the trial court's judgment granting Andrew Mayberry's ("Mayberry") motion to dismiss. We reverse and remand.

## I. BACKGROUND

Stahlman was involved in a bar fight in August 1998, during which Mayberry was injured. Mayberry filed suit against Stahlman in September 1998 for the injuries he suffered during the fight. A default judgment was entered against Stahlman in November 1998. No further action was taken until August 2008 when Mayberry sought execution of the judgment.

Stahlman asserts that in 1998 he hired an attorney to defend him in the underlying lawsuit, and that said attorney never appeared or filed an answer or any other responsive pleading. Stahlman claims the attorney told him that the case had been dismissed.

Stahlman alleges that he had no knowledge of any judgment against him until Mayberry sought execution in 2008. Stahlman further asserts that he had meritorious defenses to Mayberry's claim.

In November 2008, Stahlman filed a Motion to Set Aside the Default Judgment.

Mayberry filed an Answer and a Motion to Dismiss Stahlman's Motion to Set Aside the Default Judgment. A hearing on the Motion to Dismiss was scheduled for January 5, 2009. Stahlman's counsel was present, however neither Mayberry nor Mayberry's counsel appeared at the hearing on the Motion to Dismiss, and the motion was denied. On January 6, 2009, the Motion to Dismiss was called before the trial court again without notice to Stahlman. Because he did not receive notice, Stahlman did not appear. The court took the motion under submission on January 6, 2009 and made the following entry: "Plaintiff [Stahlman] is granted 10 days to respond in writing or Defendant's [Mayberry] motion to dismiss is granted." There is nothing in the record to suggest that Stahlman was made aware of this entry. On January 16, 2009 the trial court entered judgment dismissing Stahlman's Motion with prejudice. Stahlman appeals.

## II. DISCUSSION

In Stahlman's three points on appeal, he argues that the court erred in dismissing his petition. We agree with Stahlman's third point, and therefore find it unnecessary to address his first and second points.

Appellate review of a trial court's grant of a motion to dismiss is de novo. *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 127 (Mo.App. E.D.2009). We accept as true all of the plaintiff's averments and view the allegations in the light most favorable to the plaintiff. *Meyerkord v. Zipatoni Co.*, 276 S.W.3d 319, 322 (Mo. App. E.D.2008). We review the petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. *Id.*

A party is entitled to notice that a motion will be taken up so that they might be heard as to the propriety of sustaining the motion. *Estate of Kibbe*, 704 S.W.2d 716, 717 (Mo.App. W.D.1986). If such notice is not given, the order granting such a motion cannot stand because the court failed to give notice to both parties that the motion was going to be taken up and acted upon. *Id.* This is the case even when the party is given notice of the motion itself and allowed to file suggestions in opposition. *Id.* The court is obliged to give the parties notice and provide opportunity for hearing before it takes up the motion. *Id.*

Those requirements apply to this case. Stahlman was given notice of the January 5 hearing where the court would take up the Motion to Dismiss. Mayberry did not appear, and the court dismissed the Motion to Dismiss. The record shows no indication that the court gave Stahlman any notice of the second hearing on January 6 when the Motion to Dismiss actually was taken up. Further, there is nothing on the record showing that Stahlman was given any notice of the court's entry requiring Stahlman to respond in writing within 10 days of the January 6 hearing. Therefore, Stahlman was not given proper notice and the trial court's judgment dismissing Stahlman's Motion cannot stand. Point granted.

## III. CONCLUSION

The judgment is reversed and remanded.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.