LAWRENCE E. MOONEY, JUDGE
In this action for personal injuries arising out of an automobile collision occurring on a private parking lot, Peter Barth argues the trial court erred in not submitting his proposed comparative-fault instruction, which hypothesized failure to yield the right-of-way as a ground to assess fault to the defendant. We affirm because Mr. Barth did not propose an acceptable instruction defining the phrase "yield the right-of-way," and we decline his invitation to recognize a new common-law right-of-way rule.
Factual and Procedural Background
Peter Barth and Brooke Cannon were involved in an automobile collision on the parking lot of Mercy Hospital in St. Louis County, Missouri.[1] Ms. Cannon, driving an SUV, was parked in a parking space with her car facing forward. Mr. Barth was driving his vehicle in the driving lane behind Ms. Cannon's vehicle, approaching her car from her right. Ms. Cannon put her car into reverse, looked over her shoulders to check for oncoming traffic, but relied primarily on her rear-facing "back-up" camera screen, on the front dash of her car, because the vehicle parked to her right obstructed her vision of cars approaching from her right. Ms. Cannon did not see Mr. Barth's vehicle in her rear-facing camera until the exact moment of the collision. Mr. Barth scanned the parking lot for vehicles that might be backing out, but did not see Ms. Cannon's taillights or her reverse lights, and did not notice her backing out of her parking space until the moment before impact. Ms. Cannon collided with the passenger side of Mr. Barth's vehicle. Mr. Barth claimed injuries as a result of the collision.
At trial, Mr. Barth tendered Instruction A, a disjunctive comparative-fault instruction, which hypothesized failure to yield the right-of-way as a ground to assess fault to defendant St. Jude Medical. In its entirety, proposed Instruction A read:
In your verdict, you must assess a percentage of fault to defendant St. Jude Medical, Inc. whether or not plaintiff was partly at fault if you believe:
First, either:
Brooke Cannon failed to keep a careful lookout, or *925 Brooke Cannon failed to yield the right of way to plaintiff, or
Brooke Cannon knew or by the use of ordinary care should have known of the reasonable likelihood of collision in time thereafter to have stopped, but Brooke Cannon failed to do so, and
Second, Brooke Cannon, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
Third, such negligence directly caused or directly contributed to cause damage to plaintiff.
In conjunction with this proffered instruction, Mr. Barth tendered Instruction B, which contained a definition, fashioned by Mr. Barth, for the phrase "yield the right-of-way."
The trial court refused to submit the two instructions. Instead, the trial court submitted two comparative-fault instructions, both hypothesizing two grounds of possible fault - failure to keep a careful lookout and failure to stop after likelihood of collision was apparent. One instruction was for assessing fault to Ms. Cannon, the other for assessing fault to Mr. Barth.[2]
The jury rendered its verdict for St. Jude Medical, assessing 0% fault to Ms. Cannon and 0% fault to Mr. Barth, and finding the total amount of Mr. Barth's damages to be zero dollars. Mr. Barth appeals, alleging the trial court erred in not submitting his proffered instructions.
Standard of Review
The trial court's refusal to submit a party's proffered instruction to the jury is a matter that this Court reviews de novo. Cluck v. Union Pacific R. Co., 367 S.W.3d 25, 32 (Mo. banc 2012) ; Marion v. Marcus , 199 S.W.3d 887, 893 (Mo. App. W.D. 2006). We evaluate whether the proffered instruction was supported by the evidence and the law. Id. An instruction must correctly state the law. SKMDV Holdings, Inc. v. Green Jacobson, P.C. , 494 S.W.3d 537, 555 (Mo. App. E.D. 2016). It is not error for a trial court to refuse to give a requested instruction that is incorrect. Id. at 555-56. And such is the situation here.
Discussion
Mr. Barth proffered a disjunctive comparative-fault instruction that hypothesized failure to yield the right-of-way as a ground to assess fault to defendant St. Jude Medical. Mr. Barth based this portion of the proposed instruction on Missouri's approved instruction for failing to *926 yield the right-of-way, MAI 17.08. The Notes on Use for that approved instruction state that the appropriate right-of-way definition must be used in conjunction with the failure to yield submission. Notes on Use MAI 17.08; see also, Howe v. Bowman , 429 S.W.2d 339, 340 (Mo. App. 1968). Where, as here, the plaintiff is the party wishing to submit on failure to yield, the plaintiff has a duty to provide the correct right-of-way definition to the court. Howe , 429 S.W.2d at 342. Mr. Barth paired his proposed comparative-fault Instruction with a definitional instruction in proposed Instruction B. However, his proposed definition does not pass muster.
Missouri's approved instructions supply eight different definitions for the phrase "yield the right-of-way." MAI 14.02-14.09. Counsel for Mr. Barth correctly acknowledged at the instruction conference that these definitions are patterned after state statutes, and that statutory right-of-way provisions did not apply in this case, because the incident occurred on a private parking lot. Doolin v. Swain, 524 S.W.2d 877, 881 (Mo. banc 1975). Counsel, not to be deterred from submitting his failure-to-yield instruction, argued that a common-law right-of-way rule could apply, even if the statutory rules did not. Indeed, in Doolin , a case that also involved a collision of automobiles in a private parking lot, our Missouri Supreme Court held that statutory mles of the road did not apply, but that it would be appropriate to instruct on a common-law right-of-way rule. Doolin , 524 S.W.2d at 881. In circumstances where no approved instruction applies, Rule 70.02(b) allows for the use of not-in-MAI instructions. However, the not-in-MAI instruction must follow the applicable substantive law. Am. Equity Mortg., Inc. v. Vinson, 371 S.W.3d 62, 64-65 (Mo. App. E.D. 2012).
The parties cite but two cases wherein the court has pronounced a common-law rule of the road regarding yielding the right-of-way - Doolin v. Swain, 524 S.W.2d 877 (Mo. banc 1975) and Minnis v. William J. Lemp Brewing Co., 226 S.W. 999 (Mo. App. 1921). Both cases involved the right-of-way at an intersection of roads. That rule specifies that two travelers have equal rights at a street intersection, and that the vehicle entering the intersection first has the right-of-way, provided a reasonably prudent person would so proceed under the same or similar circumstances. Doolin, 524 S.W.2d at 881 ; Minnis, 226 S.W. at 1000. Mr. Barth acknowledged that this rule does not apply in this case. The accident here did not occur at an intersection.
Accordingly, unable to cite precedential authority, Mr. Barth proposed the following "right-of-way" definition:
The phrase "yield the right-of-way" as used in these instructions means a driver backing out of a parking spot of a parking lot is required to yield to another vehicle approaching in the lane adjacent to the parking spot.
Mr. Barth admits that in fashioning his proposed definition he modified a Missouri approved instruction, MAI 14.06, that sets out the definition of "yield the right-of-way" for when a vehicle enters a roadway from an alley, private road, or driveway. But MAI 14.06 is based on Section 304,351.5, which is a statutory rule of the road. Committee Comment MAI 14.06. And as noted earlier, the statutory rules of the road do not apply in this case. It is error to submit a statutory right-of-way instruction for a private parking-lot accident. Doolin, 524 S.W.2d at 881. For this reason alone, the trial court rightly refused to submit Mr. Barth's proposed instructions to the jury.
*927 Further, Mr. Barth urges this Court to recognize his proposed common-law right-of-way rule requiring vehicles backing out of parking spaces to always yield to vehicles approaching in the traffic lane adjacent to the parking spot.[3] We decline his invitation. A fundamental principle of tort law is to impose liability on the party better able to alter their behavior to avoid harm. Zueck v. Oppenheimer Gateway Properties, Inc., 809 S.W.2d 384, 388 (Mo. banc 1991) (citing W. Keeton, Prosser and Keeton on The Law of Torts 6 (5th ed. 1984) ). Mr. Barth's proposed rule does not impose liability on the driver better able to avoid a collision. He assumes this will always be the person backing out of the parking space, but this may not be the case. The very situation here - backing out of parking space in a parking lot - depends on which driver can better alter their behavior to avoid the collision. Sometimes it may be the person backing out of the parking space. Other times it may be the driver in the traffic lane. Yet Mr. Barth proposes an inflexible rule that shifts responsibility - and liability - solely to the rearward driver. This violates the principles of tort law that impose liability on the party better able to avoid an accident. Concurrent duties of the drivers to keep a careful lookout and to slow, stop, or swerve to avoid a collision, precisely as given by the trial court, conform to the principles of tort law.
We affirm.
SHERRI B. SULLIVAN, P.J., and JAMES M. DOWD, J., concur.

Ms. Cannon was an employee of St. Jude Medical, Inc. The parties at trial stipulated that at the time of the collision, Ms. Cannon was acting within the scope and course of her employment and/or agency with St. Jude Medical.

Instruction 7, submitted by the court, read:
In your verdict, you must assess a percentage of fault to defendant St. Jude Medical, Inc., if you believe:
First, either:
Brooke Cannon failed to keep a careful lookout, or
Brooke Cannon knew or by the use of ordinary care should have known of the reasonable likelihood of collision in time thereafter to have stopped, but Brooke Cannon failed to do so, and
Second, Brooke Cannon, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
Third, such negligence directly caused or directly contributed to cause damage to plaintiff.
Instruction 9 similarly read:
In your verdict, you must assess a percentage of fault to plaintiff if you believe:
First, either:
plaintiff failed to keep a careful lookout, or
plaintiff knew or by the use of ordinary care should have known of the reasonable likelihood of collision in time thereafter to have stopped or swerved but plaintiff failed to do so, and
Second, plaintiff, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
Third, such negligence directly caused or directly contributed to cause damage to plaintiff.

Of course, the Missouri legislature is free to announce the law that should apply under these circumstances.